Gilmer *vs.* Gilmer and Cutts.

JOHN G. GILMER, plaintiff in error, *vs.* ROSANNAH GIL-MER and ALLEN S. CUTTS, defendants in error.

1. G. resided with his family, consisting of a wife and two children, in Sumter county. He left Sumter and went to Bibb county, leased a store for three years, set up business, and claimed Bibb as his residence and place of business, having abandoned and separated from his wife, who, with her children, continued to reside in Sumter. Bills in equity, and a libel for divorce, were afterward brought against G. by his wife, in the Superior Court of Sumter county, the jurisdiction of which Court G. denied by plea: *Held*, that the plea should have been sustained.

Bills in equity, and libel for divorce, in Sumter Superior Court, and pleas to the jurisdiction. Decided by Judge ALEXANDER A. ALLEN, at the April Term, 1861.

On the 28th of December, 1860, Rosannah Gilmer instituted a libel for divorce, in Sumter Superior Court, against her husband, John G. Gilmer.

On the 3d of January, 1861, she also filed against him, in the same Court, a bill for discovery *ne exeat*, etc.

On the 8th of March, 1861, Allen S. Cutts filed, in the same Court, against the said John G. Gilmer, a bill for account, *ne exeat*, and the appointment of a Receiver, etc.

To each of these suits the defendant set up a plea to the jurisdiction of the Court, and the question of jurisdiction was submitted, heard, and decided upon the following agreed statement of facts, to-wit:

"Prior to the 11th of August, 1860, the defendant, John G. Gilmer, resided with his family, consisting of a wife and two children, in Sumter county. About that time, he left Sumter county and went to Bibb county, leaving his family in Sumter county. He leased a store in said Bibb county for the term of three years, where he has lived and been doing business ever since, claiming the same as his home and place of residence, having abandoned and separated from his wife. He has been sued in Bibb county by various persons, and suits are now pending there against him. His wife and children did not go with him to Bibb county, but continued

to reside in Sumter county, and resided there at the time defendant was served with process in said cases, and are residents of said Sumter county now.    April 11th, 1861."

After the argument had, the presiding Judge overruled the motion to dismiss said cases, for want of jurisdiction, and error is assigned upon that ruling.

O. A. LOCHRANE and CLIFFORD ANDERSON, for plaintiff in error.

WILLIS A. HAWKINS, *contra.*

*By the Court.*—JENKINS, J., delivering the opinion.

The question presented for our consideration by this record is one of jurisdiction.

The Constitution provides that civil cases " shall be tried in the county in which the defendant resides."    This is the general rule, to which the Constitution makes exceptions not affecting this case, consequently in civil cases, not falling within any of the exceptions, no Court of any county other than that of the defendant's residence has jurisdiction over him.    The real question for our determination is, in what county does the plaintiff in error reside ?    It is a question of law and of fact.    He maintains that he resides in the county of Bibb, whilst the defendants in error insists that he resides in the county of Sumter, wherein they have sued him.    He pleaded to the jurisdiction, and by counsel the question was submitted to the Judge, presiding in the Court below, upon an agreed statement of. facts.

He overruled the pleas, and the plaintiff in error excepted. The question turning upon a construction given to a statute passed in 1838, (Cobb's Digest, 530,) which enacts that " the place where the family of any person shall permanently reside, and the place where any person having no family shall generally lodge shall be held and considered as the most notorious place of abode of such person or persons respectively."    Ordinarily there is no difficulty in determining the place of a man's residence, but there are exceptional cases

producing the embarrassment mentioned in the preamble. Among these are the cases of married men, whose peculiar avocations require their temporary sojourn at divers places in the course of each year, whilst their families are permanently located, or who from economical, sanitary, or other prudential considerations, establish their families permanently at one place, whilst they permanently conduct their business at another. To such cases the act doubtlessly applies. The Legislature wisely considered that where a man's wife and children reside, is his home, the centre of his interests, his affections, and his pleasures. They were aware that *his* will determined the place of *their* residence, and certainly under such circumstances both reason and justice concur in holding that to be his own chosen residence.

But where, as in this case, a separation has taken place, where the family relation has been practically dissolved, where by mutual consent, or by the avowed purpose and overt act of the husband, he has abandoned the family and their homestead, never returning at stated times or occasionally, either to regulate domestic affairs or to participate in domestic enjoyments, this reasoning is wholly inapplicable. The husband no longer assumes to select the wife's residence, she may change it at her pleasure, and wheresoever she may be, he never comes; and such, according to the agreed statement, is the condition of the husband and wife in this case. They are actually separated. Her place of abode is not his. Although he may have originally chosen hers, his will no longer holds her to it. He has abandoned her to her own control.

On this ground, among others, in one of the suits embraced in this record, she seeks a *legal* dissolution of the marital relation, already practically dissolved.

She may now change her residence when, and as her pleasure, or even her caprice may dictate, uncontrolled and uninfluenced by him, and possibly, unknown to him.

Thus, upon this construction of the statute, it may well happen that, "a person's *notorious* place of abode" (using its language) is unknown to himself.

We can not think the Legislature intended anything so unreasonable. We think that they intended this provision of the statute should apply to cases in which both the marital relation, in contemplation of law, and the family relation, in point of fact, exist. The statute speaks of a *family*, not of *wife and children*.

Between the plaintiff in error and his wife and children, the family relation no longer exist. His place of residence must be determined by that provision of the statute which applies to "a person having no family."

Applying that to the agreed statement we hold, that Bibb, and not Sumter, is the county of his residence.

Let the judgment be reversed.