JORDAN *vs.* CARTER.

1. A plea to the jurisdiction, though sworn to, is not evidence of the facts therein stated.

2. After such plea, in a case founded on contract, has been found against defendant, the court may render judgment by default, there being no other defense filed.

3. An issuable plea which will prevent the rendition of judgment by the court, is one which goes to the merits of the case.

Evidence. Pleadings. Jurisdiction. Practice in the Superior Court. Constitutional law. Before Judge CRISP. Lee Superior Court. November Term, 1877.

Defendant moved for a new trial on the following, among other grounds:

1. Because the verdict was contrary to law and evidence.

2. Because the court charged that the pleas and traverses of the parties were not evidence in the case, but only pleadings.

3. Because, on the day after the verdict in favor of the plaintiff, on the question of jurisdiction, there being no other plea, the court gave judgment by default.

The motion was overruled, and defendant excepted.

The other facts will be found in the decision.

D. A. VASON; W. A. HAWKINS, for plaintiff in error.

C. B. WOOTEN; B. P. HOLLIS, for defendant.

WARNER, Chief Justice.

The plaintiff sued the defendant, in the county of Lee, on two promissory notes, for the sum of $9,872.95, besides interest. The defendant, at the first term, filed a plea to the jurisdiction of the court, in which he alleged that he was not, at the time of the commencement of said suit, a citizen and resident of said county of Lee, but that he was, and still is, a citizen of the county of Bibb, in this state. On the trial of this issue of jurisdiction, the jury, under the evidence, found a verdict in favor of the jurisdiction of the court, and against the defendant's plea. There being no other plea filed in the case but the plea to the jurisdiction, the court, on the next day after the return of the verdict upon that issue, rendered a judgment for the amount of the notes sued on, as provided by the constitution of 1868. The defendant made a motion for a new trial on the grounds therein stated, which was overruled by the court, and the defendant excepted.

1. There was no error in the charge of the court, that the pleadings of the parties were not evidence as to the question of jurisdiction. The office of the pleadings of the parties in the record, is to lay the foundation for the introduction of evidence at the trial. The reason why dilatory pleas were originally required to be sworn to was to prevent abuse in the pleadings, and unnecessary delay.

2. Whether the defendant was liable to be sued in the county of Lee, under the provisions of the 1690th and 1691st

sections of the Code, was a question for the jury, under the evidence contained in the record, which, in our judgment, was sufficient to support their verdict in favor of the jurisdiction of the court.

3. There was no error in allowing the plaintiff to take judgment for the amount sued for on the statement of facts disclosed in the record. The "issuable defense" contemplated by the constitution of 1868, is an issuable defense to the contract sued on, and not an issuable defense as to the jurisdiction of the court in which the suit is instituted to enforce that contract. When the dilatory plea to the jurisdiction of the court is overruled, or found against the defendant, then he must plead to the action—that is to say, he must answer to the merits of the plaintiff's complaint by filing an issuable defense thereto on oath, if he has got any, and upon his failure to do so, the court should render judgment for the amount sued for, as was done in this case.

Let the judgment of the court below be affirmed.