conduct of defendant's motorman, and no end of justice could have been promoted by submitting the case to the jury.

The judgment appealed from should be affirmed, with costs. All concur.

(43 App. Div. 595.)

## NASSAU COUNTY v. PHIPPS.

(Supreme Court, Appellate Division, Second Department.    October 10, 1899.)

1. PARTIES—INTEREST OF PLAINTIFF IN SUBJECT-MATTER OF SUIT.

A new county cannot maintain a suit in equity to enjoin the sale for taxes of lands within its limits by officers of the county from which it was formed, for want of interest in the subject-matter.

2. CREATION OF NEW COUNTY—SALE OF LAND FOR TAXES.

The act creating the county of Nassau did not deprive the treasurer of the county of Queens of the power of proceeding with the collection of taxes for the year 1897 on lands situated in the new county by the sale of such lands for taxes delinquent.

Appeal from special term, Nassau county.

Action in equity by the county of Nassau against Charles L. Phipps, county treasurer of the county of Queens. From an order denying a motion for an injunction, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Edward E. Sprague (Fred Ingraham, on the brief), for appellant. George W. Davison, for respondent.

WILLARD BARTLETT, J. By chapter 588 of the Laws of 1898 the towns of Hempstead, North Hempstead, and Oyster Bay were taken from Queens county and erected into the new county of Nassau. The question in controversy in this litigation is whether the county treasurer of the new county or the county treasurer of Queens county has the right to sell for unpaid taxes the property in these three towns upon which the taxes for 1897 remain unpaid; and the complaint prays judgment declaring that the latter officer has no lawful power or authority to sell lands in the county of Nassau for unpaid taxes or assessments, and asks that he may be perpetually enjoined from so doing.

Upon the oral argument I expressed considerable doubt as to whether the plaintiff showed any such interest in the subject-matter as would entitle it to maintain this suit for equitable relief. I am satisfied, on reflection, that such doubt is well founded. If the sale by the Queens county treasurer was void, it would be ineffectual for any purpose, and the county of Nassau would lose nothing by it. So, also, whichever officer conducted the sale, the proportion of the proceeds to be received by the county of Nassau (irrespective of the question of fees) would remain unaffected. Assuming that under the statutes relating to the subject the tax sales should be made by the officials of the county of Nassau, which is the plaintiff's claim, then it follows that the sale by the defendant not only cannot deprive the Nassau county officers of their right and duty to sell, but will not operate as a cloud upon the title

to the lands sold, for the illegality of the sales will appear on their face. Under the rule declared in Marsh v. City of Brooklyn, 59 N. Y. 280, the owner of the land could not maintain an action to set aside such a tax sale; therefore, much less the plaintiff, whose only interest in the land is a claim against it for taxes. It is true that an instrument void on its face may practically operate as a cloud upon the title of real estate, and affect its value, but the law does not recognize such an injury as sufficient ground for the interposition of equity.

Apart from this conclusion, however, as to the status of the plaintiff county to invoke equitable relief, upon the construction which its counsel give to the legislation which brought it into existence, I am not convinced that such construction is correct. The question is one which involves no important or general principle, and the arguments in favor of one view are perhaps but little stronger than the arguments in favor of the other; yet, to my mind, the result reached by the learned judge at special term seems, on the whole, to be the most satisfactory. It is plain that section 8 of the Nassau county act empowers the county treasurer of Queens county to complete any proceeding commenced by him before December 31, 1898. "Every duty," it provides, "now imposed by law upon any county officer of the county of Queens to be done or performed in regard to any proceedings, record, document, certificate or other instrument in writing after the same shall have been commenced, filed or recorded by him, shall continue to be done and performed by such officer in regard to all proceedings commenced or papers filed or recorded by him on or before December 31, 1898, as if this act had not been passed." Laws 1898, c. 588. It was held at special term that the proposed sale for the arrearages of taxes levied in 1897 was merely "the final step in the articulated procedure for the collection of these taxes," and the learned counsel for the appellant concede that this is true in a general sense. They insist, however, that this final step is a separate proceeding, within the meaning of the Nassau county act, and that in order to retain control thereof it was necessary that the county treasurer of Queens county should actually have done something in that separate proceeding during the year 1898. But, even if we concede the correctness of this position, I think the papers show that he had actually done the required something. The collection of taxes in Queens county is regulated by special statutes. Laws 1877, c. 268, as amended by Laws 1878, c. 226. Section 15 of the act first cited requires the county treasurer, at any time within 12 months after receiving the final return of the receiver or collector, to cause to be published a list of all unpaid taxes or assessments in each town, together with a notice that, if the taxes are not paid before the date of sale, the lands described in said notice will be sold at a specified time and place. The defendant received the final returns of unpaid taxes in Hempstead, North Hempstead, and Oyster Bay for 1897 in August, 1898. Immediately upon the receipt thereof, and beginning in that month. he says, "I made an examination of the same, and compare          with the assessment rolls of said

towns for the year 1897, and corrected and examined and verified said return until I was satisfied that it was correct, to the end and preparatory and as part of the preparation of the list required by section 15 of chapter 226 of the Laws of 1878." Thereafter the entries were changed from time to time as some of the arrears were paid up by the owners. The appellant's counsel argues that the proceeding to sell lands for unpaid taxes begins with the publication of the list prescribed by the statute, and that the preparation of the list is no part of the proceeding; and he likens such preparation to the drafting of a complaint, which could in no wise be deemed the commencement of an action. But work done by a public officer in a public office, which is absolutely necessary to the fulfillment of a public duty imposed upon him by law, bears no very close analogy to the composition of a pleading in a private lawsuit, which may never be begun at all; and it seems to me that the proceeding to sell for unpaid taxes may fairly be regarded as having been commenced by the defendant when he began to prepare the list, in August, 1898. The Nassau county act (section 12) provides that the books, records, and documents relating to Hempstead, North Hempstead, and Oyster Bay shall remain the property of the county of Queens; and the fact that the returns of the unpaid taxes for these towns are thus left in the custody of the treasurer of Queens county is some indication of the legislative intent to allow that officer to deal with such arrears therein as had been returned to him before the erection of the new county. To compel the county treasurer of Nassau county to prepare the list of lands to be sold in these towns for the unpaid taxes of 1897 would be to require him to duplicate, to a great extent, labor which has already been performed by the county treasurer of Queens.

I think that the order of the special term should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.