## MATTHEWS *v.* MATTHEWS.

1. A judgment of divorce of another State, based on constructive service, is not within the provision of the constitution of the United States, and statutes passed thereunder, requiring that full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other State. A judgment of divorce rendered by a court of Alabama against a non-resident defendant, wherein a child of the marriage is awarded to the plaintiff's custody, based entirely on constructive service by publication, without actual notice or provision for the same to the non-resident defendant, will not be regarded as a conclusive adjudication of disposition of the child, where the evidence shows that

the judgment was obtained by fraudulent representations in order to obtain jurisdiction.

2. The court did not abuse his discretion in awarding the custody of the child to the father.

DECEMBER 11, 1912.

Habeas corpus.     Before Judge Roan.     DeKalb superior court. October 5, 1912.

*J. D. Kilpatrick* and *L. J. Steele,* for plaintiff in error.

*Watkins & Latimer,* contra.

EVANS, P. J.    This is a contest between the father and mother of a seven-year-old boy, over his possession.    The parents were married in St. Louis in 1904.    After their marriage they lived in Florida, Alabama, and Pittsburg, Pennsylvania.    In the fall of 1911 they came to reside in Atlanta, Georgia, and in June, 1912, the husband left for Pittsburg, Pennsylvania, where his mother and family resided, in quest of work and health.    About the same time the wife went to Montgomery, Alabama, and afterwards in the summer she went to Evergreen, Alabama, where her mother resided.    On July 2, 1912, the wife filed in the chancery court at Evergreen a suit for divorce against her husband, alleging that he was a non-resident, whose whereabouts were unknown.    The court passed an order that the defendant be served by publication, and the publisher made affidavit of the publication of the notice of suit in his newspaper.    A decree of divorce was granted on September 19, 1912.    It was provided therein that the wife should have the custody of the child of the marriage.    Previously to the grant of the divorce decree the wife left the State of Alabama with her mother, and they took up their residence in Atlanta some time in August.    The husband returned to Atlanta during the latter part of September, and went to the home of his wife.    She refused to see him, and he was informed by her mother of the divorce obtained in Alabama.    The husband then sued out a writ of habeas corpus for the possession of his child, and on the hearing both sides introduced evidence bearing on the merits and demerits of each party as a proper custodian of the child.    Certain letters were also introduced in evidence as received by the husband pending the period of his absence, and while the divorce suit was pending; some from his wife, couched in affectionate language, and having no reference to the divorce suit; one from his wife's mother, acknowledging receipt of a sum of money which he had

repaid her; and one from the little son to the father, written by the grandmother, expressing appreciation for the nice suits and balls sent him. After considering the evidence the court awarded the child to the custody of the father, and exception is taken to this judgment.

1. The mother insists that the father's right to contend for the child's custody is foreclosed by the decree of the Alabama court awarding to her the custody of the child. It will be recalled that in the divorce proceedings it was represented to the court that the defendant's residence was unknown, and the only attempt at service was by publication. There was no provision for personal notice of any kind, and none was received by the defendant. The evidence tends to show that the wife's domicile was not in Alabama at the time she instituted her suit, and it is clear that the defendant was a non-resident of the State and had no notice of the pendency of the suit. A judgment of divorce in another State, based on constructive service, does not come within the full faith and credit clause of the Federal constitution, and it is not entitled to obligatory enforcement. *Joyner* v. *Joyner,* 131 *Ga.* 217 (62 S. E. 182, 18 L. R. A. (N. S.) 647, 127 Am. St. R. 220); Haddock *v.* Haddock, 201 U. S. 562 (26 Sup. Ct. 525, 50 L. ed. 867, 5 Ann. Cas. 1). In *Joyner* v. *Joyner,* supra, it was held that a divorce granted in another State on grounds which were in accordance with recognized principles involving the marriage state, and with reasonable notice of the pendency of the suit by publication and the mailing of a copy, would be recognized by the courts of this State on the ground of comity. But no principle of comity can be invoked to give extra-territorial effect to a judgment obtained by fraud, and without notice. In the present case the husband denied the truthfulness of the grounds upon which the wife predicated her prayer for divorce. The judge was authorized to find, that the wife had no actual domicile in the State of Alabama; that she commenced her suit almost on arrival at Evergreen, and returned to Georgia within fifty or sixty days, and before the grant of the divorce decree; that she represented to the court that she did not know the whereabouts of her husband, although she was carrying on a correspondence with him during the pendency of her suit for divorce. As the court was at liberty to disregard the Alabama decree under the full faith and credit clause of the

Federal constitution, we think that he was right in denying any effect to the decree obtained under the facts developed on the habeas-corpus hearing.

2. We do not deem it either instructive or edifying to further set out the details of the evidence as bearing upon the court's discretion in awarding the child to the father. We think his decision was well within the bounds of legal discretion in awarding the child to his father, and we decline to disturb his judgment.

*Judgment affirmed. All the Justices concur.*