## BELLAMY v. BELLAMY.

No. 12693. March 9, 1939.

*Fleming & Fleming,* for plaintiff in error.

*Roy V. Harris* and *Henry T. Chance Jr.,* contra.

Duckworth, Justice. Morton Bellamy brought suit in Richmond superior court against Mary Robbins Bellamy, for divorce on the ground of cruel treatment, alleging that the defendant was a non-resident of the State; and service was perfected by publication. The defendant filed an answer denying the allegations that the plaintiff had resided in the State of Georgia for twelve months before the filing of the petition, and that he was entitled to a divorce because of cruel treatment. On the trial the plaintiff testified that his wife and children lived in North Carolina, that he had resided in Florida for a period of time during which he had filed suit for divorce in that State, but that upon learning that he had not resided in that State for the period of time required before filing the suit he instructed his counsel there by letter to dismiss the suit,

which was done a short time before the present suit was filed. He stated that he came to Atlanta, Georgia, in August, 1936, with the definite intention of making his home in this State; that in January, 1937, he went to Richmond County and selected that as his place of residence, making the Richmond Hotel his headquarters to which he directed that his mail be sent; and that though his business requires him to travel and be on the road the greater portion of the time, he has continued, since January, 1937, to make Richmond County, Georgia, his residence. He recounted certain acts and conduct on the part of the defendant which would constitute cruel treatment. There was some evidence, brought out on cross-examination of this witness and otherwise, that conflicted with his testimony. The jury returned a verdict in favor of the plaintiff. The defendant's motion for new trial was overruled, and she excepted.

■ "Divorce cases shall be brought in the county where the defendant resides, if a resident of this State; if the defendant be not a resident of this State, then in the county in which the plaintiff resides." Constitution, art. 6, sec. 16, par. 1 (Code, § 2-4301). "No court shall grant a divorce of any character to any person who has not been a bona fide resident of the State 12 months before the filing of the application for divorce." § 30-107. "The domicile of every person of full age, and laboring under no disability, is the place where the family of such person shall permanently reside, if in this State. If he has no family, or they do not reside in this State, the place where such person shall generally lodge shall be considered his domicile." § 79-401. "The domicile of a person sui juris may be changed by an actual change of residence with the avowed intention of remaining. A declaration of an intention to change the domicile is ineffectual for that purpose until some act is done in execution of the intention." § 79-406. It has been held by this court that to effect a change of domicile there must be an avowed intent, which may be shown by declarations or acts equivalent thereto, and an actual removal. *Worsham* v. *Ligon.* 144 *Ga.* 707 (2) (87 S. E. 1025). Temporary absence from the county by a man who has no family does not operate to change his domicile. *Knight* v. *Bond,* 112 *Ga.* 828 (2) (38 S. E. 206). The question whether or not the defendant in error had resided in the State of Georgia twelve months before the filing of this suit for

divorce, and the question whether or not at the time of filing the suit he was a resident of Richmond County, were mixed questions of law and fact that could legally be determined only by the jury on the evidence. *Harkins* v. *Arnold*, 46 *Ga.* 656 (2); *Jordan* v. *Carter*, 60 *Ga.* 443; *Stallings* v. *Stallings*, 127 *Ga.* 464 (5) (56 S. E. 469, 9 L. R. A. (N. S.) 593); *Smith* v. *Smith*, 136 *Ga.* 197 (2) (71 S. E. 158). The jury having rendered a verdict in favor of the plaintiff, and the evidence being sufficient to support that verdict, the general grounds of the motion for new trial are without merit.

■ Exception is taken to the charge of the court instructing the jury as follows: "Whether he had a suit in Canada or any other place in the nation, as far as you are concerned, makes no difference, except in considering it along with the other facts in the case;" it being insisted that the undisputed evidence showed that plaintiff had a divorce suit pending in Florida, which was dismissed only in August, 1937, before the present suit was filed in September, 1937, and because of this fact the plaintiff was a resident or was claiming residence in the State of Florida. If the plaintiff resolved, the next day after filing his Florida suit, to abandon that State and become a resident of this State, and actually moved to Georgia and took up his residence here, such residence would in no wise be affected by the pendency of the suit in the Florida court, nor would his rights in that suit be in any manner changed or affected by the fact that he had become a resident of this State. It follows that the pendency in Canada, Florida, or any other jurisdiction, of a suit by the defendant in error would not prevent his becoming a resident of this State; nor did the pendency of the suit in Florida impeach his testimony to the effect that he had been a resident of Georgia since August, 1936; nor did the mere pendency of that suit show bad faith on his part in bringing the present suit and alleging that he had resided in this State for more than twelve months. This assignment is without merit.

■ Other exceptions in the motion for new trial, based upon the failure to charge as requested, do not constitute error. The requests, in so far as applicable and proper, were fully covered by the general charge, and in so far as inapplicable they are dealt with in the preceding division of this opinion.

*Judgment affirmed. All the Justices concur.*