## MARCHMAN *v.* MARCHMAN.

No. 15046. JANUARY 5, 1945.

740

*W. A. Dampier,* for plaintiff in error.　*C. C. Crockett,* contra.

Duckworth, Justice. (After stating the foregoing facts.) The only attack made upon the judgment excepted to is that it offends the full faith and credit clause of the constitution of the United States (Code, § 1-401), in that it fails to recognize the validity of the decree of divorce granted to the defendant by the court of the State of Mississippi. Upon the answer to this question depends the decision in the present case.

The decisions of this court up to this time have uniformly held that the full faith and credit clause of the constitution of the United States and the act of Congress enacted in pursuance thereof

(28 U. S. C. A., § 687) have no application to a decree of divorce where the defendant in the divorce action was a non-resident, made no appearance, and the only service had was by publication; and that such a divorce decree is subject to a collateral attack showing that the court rendering the same was without jurisdiction or that the petitioner therein procured the decree by the perpetration of a fraud upon the court rendering the same. *Joyner* v. *Joyner,* 131 *Ga.* 217 (62 S. E. 182, 18 L. R. A. (N. S.) 647, 127 Am. St. R. 220); *Matthews* v. *Matthews,* 139 *Ga.* 123 (76 S. E. 855); *Solomon* v. *Solomon,* 140 *Ga.* 379 (78 S. E. 1079); *Brandon* v. *Brandon,* 154 *Ga.* 661 (115 S. E. 115); *Green* v. *Whatley,* 158 *Ga.* 628, 632 (123 S. E. 871); *Durden* v. *Durden,* 184 *Ga.* 421 (191 S. E. 455); *Adams* v. *Adams,* 191 *Ga.* 537 (13 S. E. 2d, 173). But where there has been personal service or the defendant appears and defends, a decree of divorce rendered by a court of another State and regular upon its face is not subject to attack in the courts of this State. *Drake* v. *Drake,* 187 *Ga.* 423 (1 S. E. 2d, 573); *Dyal* v. *Dyal,* 187 *Ga.* 600 (1 S. E. 2d, 660). The only service upon the wife in the husband's suit for divorce in the State of Mississippi was by publication. She made no appearance and contested none of the allegations of that suit. Therefore, under the decisions of this court, she has a right to collaterally attack the Mississippi decree, as she has done here, upon the grounds that the court was without jurisdiction, in that the petitioner had not been a bona fide resident of the State of Mississippi for a period of one year as required by the laws of that State to give the court jurisdiction, and that his representation to the court that he had been such a bona fide resident was false and fraudulent. The evidence was such as to authorize a jury to find that the attack on the decree was sustained, and the court in the exercise of its discretion did not err in disregarding the Mississippi decree and awarding temporary alimony. If the Mississippi decree must be given full effect by the Georgia courts, then the defendant here, in virtue of that decree, would not be the husband of the petitioner, and hence could not be required to pay her any alimony. *Christopher* v. *Christopher,* 198 *Ga.* 361 (31 S. E. 2d, 818). But since, as ruled above, the trial judge was not required to so recognize the Mississippi decree, the evidence authorized him to regard it as a nullity and to make the award of alimony complained of.

Since the question here involves the constitution and laws of the United States, this court must accept the interpretation placed thereupon by the Supreme Court of the United States. That court in Haddock v. Haddock, 201 U. S. 562 (26 Sup. Ct. 525, 50 L. ed. 867, 5 Ann. Cas. 1), held that a decree of divorce based on constructive and not actual service of process, obtained by the husband in the State of Connecticut while the wife remained at her domicile in New York, was obtained without personal jurisdiction of the wife and was not entitled to obligatory enforcement in the State of the wife's residence by virtue of the full faith and credit clause of the Federal constitution. There was a strong dissent by four of the Justices, but the dissenting opinion (page 608), after stating that a decree of divorce may be lawfully obtained at the matrimonial domicile notwithstanding that the defendant resides in another State, provided that the law of the domicile with respect to personal service or publication be scrupulously observed, said: "Doubtless the jurisdiction of the court granting the divorce may be inquired into, and if it appear that the plaintiff had not acquired a *bona fide* domicile in that State at the time of instituting proceedings, the decree is open to a collateral attack, Bell v. Bell, 181 U. S. 175 (21 Sup. Ct. 551, 45 L. ed. 804), and a recital in the proceedings of a fact necessary to show jurisdiction may be contradicted. Thompson v. Whitman, 18 Wall. 457 (21 L. ed. 897); Streitwolf v. Streitwolf, 181 U. S. 179 (21 Sup. Ct. 553, 45 L. ed. 807); Andrews v. Andrews, 188 U. S. 14 (23 Sup. Ct. 237, 47 L. ed. 366)." Again (page 613) the dissenting opinion declared: "Four recent decisions in this court are too important to pass unnoticed. In Bell v. Bell, 181 U. S. 175, and in Streitwolf v. Streitwolf (p. 179), it was held that a divorce obtained in a State in which neither party was domiciled, upon service by publication and in another State, was entitled to no faith and credit. These decisions were unanimous. And in Andrews v. Andrews, 188 U. S. 14, that a divorce obtained by one who had gone into another State to procure a divorce in fraud of the law of the domicile, was also invalid." That decision was expressly overruled in Williams v. North Carolina, 317 U. S. 287 (63 Sup. Ct. 207, 87 L. ed. 279, 143 A. L. R. 1273). There a man and a woman went from the State of North Carolina to the State of Nevada and procured divorces from the Nevada court from their

respective spouses in the State of North Carolina, the State of their permanent domiciles. They then married each other in the State of Nevada and returned to North Carolina where they were convicted for bigamous cohabitation. The conviction was reversed because of a charge to the effect that a Nevada divorce decree based on substituted service where the defendant made no appearance would not be recognized in North Carolina. The decision was expressly limited to this question, since any error required a reversal, and it was said (page 302) : "Nor do we reach here the question as to the power of North Carolina to refuse full faith and credit to Nevada divorce decrees because, contrary to the findings of the Nevada court, North Carolina finds that no bona fide domicile was acquired in Nevada." Thus it is clear that the Supreme Court of the United States did not rule upon the right to collaterally attack the divorce decree of another State upon the grounds of lack of jurisdiction and fraud in its procurement, and, accordingly, we hold that the present defendant in error is within her right in making the collateral attack upon the Mississippi decree.

*Judgment affirmed. All the Justices concur.*