## PATTERSON *v.* PATTERSON.

No. 17414.   Argued March 12, 1951—Decided April 9, 1951.

*Reuben M. Tuck,* and *Howard, Tiller & Howard,* for plaintiff in error.

*C. R. Vaughn Jr.,* contra.

ALMAND, Justice. The two special grounds of the motion for a new trial will be dealt with in inverse order.

■ Prior to the decision of the Supreme Court of the United States in Williams *v.* North Carolina, 317 U. S. 287 (63 Sup. Ct. 207, 87 L. ed. 279, 143 A.L.R. 1273), a judgment of divorce rendered in another State, based upon constructive service on a resident of this State, did not come within the full faith and credit clause of the Federal Constitution, and the courts of this State were not obligated to recognize or enforce such decree. *Joyner v. Joyner,* 131 *Ga.* 217 (62 S. E. 182, 18 L.R.A. (N. S.)

647, 127 Am. St. R. 220) ; *Matthews* v. *Matthews,* 139 *Ga.* 123 (76 S. E. 855). This rule was based upon Haddock *v.* Haddock, 201 U. S. 562 (26 Sup. Ct. 525, 50 L. ed. 867), which was expressly overruled in the Williams case, supra, and which latter case holds that a divorce granted in Nevada to one who was a bona fide resident of that State, if valid under the laws of Nevada, was binding upon the courts of the State where the opposite party was domiciled when the divorce was rendered, though such party was served by publication, and that such divorce decree was entitled to full faith and credit in the State of the wife's domicile. This ruling, however, did not change the rule prevailing in this State, that a decree of divorce, obtained by a husband in another State, wherein service was perfected on the wife, a resident of this State, by publication, and in which the plaintiff in such foreign judgment was not in fact a bona fide resident of the State in which the judgment was rendered, could be attacked collaterally for fraud when offered in the courts of this State, as a bar to the wife's action for alimony. *Matthews* v. *Matthews,* 139 *Ga.* 123 (supra) ; *Cochran* v. *Cochran,* 173 *Ga.* 856 (162 S. E. 99) ; *Adams* v. *Adams,* 191 *Ga.* 537 (13 S. E. 2d, 173) ; *Marchman* v. *Marchman,* 198 *Ga.* 739 (32 S. E. 2d, 790). On the reappearance of the Williams case (325 U. S. 226, 65 Sup. Ct. 1092, 89 L. ed. 1577, 157 A.L.R. 1366), it was held that such a decree may be collaterally impeached by proof that the court which rendered it had no jurisdiction of the parties or cause of action, even though the record of the proceedings in the foreign court purported to show jurisdiction. In that case it was said: "The burden of undermining the verity which the Nevada decrees import rests heavily upon the assailant." Pp. 233, 234.

The record of the proceedings and decree in the Nevada court, which the defendant offered in evidence, shows on its face that the court had jurisdiction of the plaintiff (the defendant here), and that the plaintiff had his residence in Nevada; and, under the full faith and credit clause of the Federal Constitution, the trial court in this case was under a duty to accord prima facie validity to the Nevada decree; and, upon the admission of the judgment and record in that case, the burden was upon the plaintiff in this case, if she would escape the opera-

tion of the decree, to show that it was not binding upon her (Esenwein v. Esenwein, 325 U. S. 279, 65 Sup. Ct. 1118, 89 L. ed. 1608, 157 A.L.R. 1396; Rice v. Rice, 336 U. S. 674, 69 Sup. Ct. 751, 93 L. ed. 957) ; and such jurisdiction of the Nevada court over the cause of action and the parties is to be presumed until disproved by evidence or by the record itself. Adam v. Saenger, 303 U. S. 59 (58 Sup. Ct. 454, 82 L. ed. 649) ; Milliken v. Meyer, 311 U. S. 457 (61 Sup. Ct. 339, 85 L. ed. 278, 132 A.L.R. 1357).

Such presumption of validity is rebuttable by evidence of the attacking party showing a lack of domicile of the plaintiff in the foreign divorce forum; and, if the evidence shows that the plaintiff was not a bona fide resident of the foreign State at the time the divorce action was instituted, the court may decline to give full faith and credit to the decree, notwithstanding the finding of the foreign decree that he was such a resident. Giresi v. Giresi (N. J.), 44 Atl. 2d, 345; Rice v. Rice, 134 Conn. 440 (58 Atl. 2d, 523) ; Atkins v. Atkins, 393 Ill. 202 (65 N. E. 2d, 801) ; Franklin v. Franklin, 295 N. Y. 431 (68 N. E. 2d, 429) ; Davis v. Davis, 71 Cal. App. 2d, 150 (162 Pac. 2d, 62). The burden in this case, if the foreign decree had been admitted in evidence, would have been upon the plaintiff to show that the defendant was not a bona fide resident of Nevada at the time he instituted the divorce action. As was said in Franklin v. Franklin, supra: "The burden was upon the petitioner to overthrow the apparent jurisdictional validity of the respondent's Illinois divorce decree by disproving his intention to establish a domicile in that State. Since no such rebuttal was attempted by her or in her behalf, the Illinois decree—though it stood alone—was entitled to prevail." P. 430.

The Nevada decree, which the defendant offered in evidence in support of his plea being properly authenticated and showing jurisdiction of the Nevada court over the cause of action and the parties, was prima facie entitled to respect by the courts of this State, and the court erred in not admitting it in evidence.

■ If the defendant had merely acquired a residence in Nevada for the purpose of obtaining a divorce, this would not be sufficient to give the Nevada court jurisdiction. It would be an imposition on the Nevada court for the defendant to represent himself as being a bona fide resident of that State, and

would amount to such fraud on his part as to render the decree entered therein void. *Matthews* v. *Matthews,* 139 *Ga.* 123 (supra). At the time the Nevada decree was offered in evidence and the defendant sought to testify as to the facts and circumstances of his going to Nevada, counsel for the plaintiff objected on the ground that at the time he instituted his divorce action, he was not a resident of Nevada, but was a resident of Newton County, Georgia. To perfect the record, the defendant was permitted to be examined by his counsel, and cross-examined by counsel for the plaintiff, as a witness and out of the presence of the jury, on the question of his place of residence. After such examination, the court ruled that the defendant had not changed his domicile from Newton County, Georgia, at the time he instituted the Nevada divorce action, and that the decree was void. It appears without dispute from the evidence in the record that, at the time of the separation of the parties, which was several years prior to the institution of the alimony action, the defendant's domicile was in Newton County, Georgia, but his domicile at the time he instituted the divorce action in Nevada would have to be determined as if he were a person having no family. Code, § 79-401; *Gilmer* v. *Gilmer,* 32 *Ga.* 685; *Smith* v. *Smith,* 136 *Ga.* 197 (71 S. E. 158). In order for the defendant to have changed his domicile from Newton County, Georgia, to Nevada, he must actually have removed to such State with a present intention of remaining there as his place of domicile, or, having removed to the new place, avowed his intention of remaining there as his place of domicile. Such avowal may be proven by express declarations or acts equivalent thereto. Code § 79-406; *Worsham* v. *Ligon,* 144 *Ga.* 707 (87 S. E. 1025). In the case last cited, it was said: "If a person actually removes to another place, with the intention of remaining there for an indefinite time as a place of fixed domicile, such place becomes his domicile. If a person leaves the place of his domicile temporarily, or for a particular purpose, and does not take up an actual residence elsewhere with the avowed intention of making a change in his domicile, he will not be considered as having changed his domicile. Crawford *v.* Wilson, 4 Barb. 505; Ross *v.* Ross, 103 Mass. 575. But if a person changes his domicile without any present intention of removing

therefrom, it is nonetheless his domicile, although he may entertain a floating intention to return, or to move elsewhere at some future period." P. 711. The question of domicile is a mixed question of law and fact, and is ordinarily one for a jury (*Harkins* v. *Arnold*, 46 *Ga.* 656; *Forlaw* v. *Augusta Naval Stores Co.*, 124 *Ga.* 261 (1), 52 S. E. 898; *Stallings* v. *Stallings*, 127 *Ga.* 464 (5), 56 S. E. 469, 9 L.R.A. (N. S.) 593; *Bellamy* v. *Bellamy*, 187 *Ga.* 804, 2 S. E. 2d, 413), and should not be determined by the court as a matter of law except in plain and palpable cases. *Smith* v. *Smith*, 136 *Ga.* 197 (supra); *Mayo* v. *Ivan Allen-Marshall Co.*, 51 *Ga. App.* 250 (180 S. E. 20). However, if the evidence demands a finding that there has not been a change of domicile, the court may by proper instructions withdraw the question from the jury. Compare *Gainesville & Dahlonega Electric Ry. Co.* v. *Austin*, 127 *Ga.* 120 (1c) (56 S. E. 254); *Lay-Hall Grocery Co.* v. *Johns*, 173 *Ga.* 695 (161 S. E. 354). The admissibility of evidence is for the court, and its credibility is for the jury. *Muller* v. *Rhuman*, 62 *Ga.* 332 (6); *Walker* v. *Roberts*, 20 *Ga.* 15 (1). See also *Elrod* v. *McConnell*, 170 *Ga.* 892 (1) (154 S. E. 449).

A reading of the rejected testimony of the defendant, and the evidence of the plaintiff's witnesses on the questions of whether the defendant (a) had resided in Nevada for 6 weeks before the filing of his divorce action, and (b) whether he had bona fide changed his domicile from Newton County, Georgia, to the State of Nevada, shows that there was a sharp conflict on the issue of whether the defendant had obtained his divorce through his own fraud. It was not within the province of the court to determine the question of the bona fides of the defendant as a matter of law, where in support of his plea he offered in evidence a divorce decree prima facie valid on its face, and where the evidence on the question of his place of residence at the time of the institution of the action was conflicting. From a reading of the statement made by the trial judge at the time he rejected the proffered evidence of the defendant, it is apparent that he was somewhat influenced by the fact that, on the hearing of the application for temporary alimony, he, after hearing the evidence, had ruled that the Nevada decree was void. But the court's ruling on the hearing for temporary alimony was upon

an issue which involved questions of fact and law, and his ruling on such hearing did not become the law of the case. *Sumner v. Sumner*, 121 *Ga.* 1 (7) (48 S. E. 727). The cases of *Cochran v. Cochran*, 173 *Ga.* 856, and *Adams* v. *Adams*, 191 *Ga.* 537 (supra), relied on by the defendant, are not controlling here, for the reason that in those cases the trial judge ruled the foreign decree void upon the hearing for temporary alimony.

The trial court's refusal to allow the defendant to testify before the jury as to the facts and circumstances relative to his going to Nevada and obtaining a divorce was error. In view of the foregoing rulings, it was error to overrule the two special grounds of the motion for a new trial, and it is unnecessary to pass on the general grounds of the motion for a new trial.

*Judgment reversed. All the Justices concur.*