### 19935.   WADE *v.* WADE.

WYATT, Presiding Justice.   Frank E. Wade filed in Fulton Superior Court a habeas corpus proceeding against Mrs. Phyllis McKinney Wade, his former wife, seeking the custody of a minor child of the parties.  The trial judge was authorized to find that, prior to the institution of the instant case, Frank E. Wade filed suit in the courts of the State of Tennessee against the plaintiff in error for divorce and custody of the child here in question; that the plaintiff in error was served personally with the suit of divorce; that through her attorney she filed an answer to the suit and actually appeared in court in said proceeding; that in said Tennessee proceeding the custody of the child here in question was duly granted to the father, Frank E. Wade.  The trial judge in the instant case awarded custody of the child to him.  The exception here is to that judgment.  *Held:*

1. "The decisions of this court up to this time have uniformly held that the full faith and credit clause of the Constitution of the United States and the act of Congress enacted in pursuance thereof (28 U.S.C.A. § 687) have no application to a decree of divorce where the defendant in the divorce action was a nonresident, made no appearance, and the only service had was by publication; and that such a divorce decree is subject to a collateral attack showing that the court rendering the same was without jurisdiction or that the petitioner therein procured the decree by the perpetration of a fraud upon the court rendering the same.   [Citing cases].   But where there has been personal service or the defendant appears and defends, a decree of divorce rendered by a court of another State and regular upon its face is not subject to attack in the courts of this State." *Marchman* v. *Marchman,* 198 *Ga.* 739,

740 (32 S. E. 2d 790). See also cases there cited. It follows, the attack made by the plaintiff in error upon the Tennessee decree, alleging that the defendant in error had not been a resident of Tennessee for the required length of time, and that a fraud was perpetrated upon the Tennessee court, is without merit.

2. It is argued in the brief of the plaintiff in error that the trial court erred in admitting in evidence the copy of the Tennessee decree. No objection to such introduction was made in the trial court. For this reason, this contention cannot be considered by this court.

3. Nothing appears in the evidence which would demand a finding that there had been any change in circumstances affecting the welfare of the child since the rendition of the Tennessee decree, so as to require a finding in favor of the plaintiff in error. Under such circumstances, this court has repeatedly held that the discretion of the trial judge will not be disturbed.

4. It follows, the judgment of the court below was not error for any reason assigned.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 16, 1958—DECIDED FEBRUARY 10, 1958—
REHEARING DENIED MARCH 7, 1958.

*Russell G. Turner, Sr.*, for plaintiff in error.

*Sam D. Hewlett, Jr., Hewlett, Dennis, Bowden & Barton,* contra.