25183. RICHARDSON et al. v. STRICKLAND.

DUCKWORTH, Chief Justice. This case involves a suit to vacate a judgment awarding property by a year's support proceeding in Georgia because it was based upon fraud in that the alleged widow had been divorced from the deceased by reason of a Nevada divorce decree obtained by him after service by

publication upon his spouse. The lower court granted a motion for summary judgment in favor of the defendant upon a stipulation of facts as to the divorce proceedings and the law of Nevada as to service, holding that the Nevada court lacked jurisdiction of the nonresident spouse and the decree was premature. He dismissed the plaintiff's suit. The appeal is from this judgment.

The record shows that under Rule 4 (e) (iii) of Nevada, service by publication was complete "at the expiration of four weeks from the first publication" or "at the expiration of four weeks" from the deposit of mail where the address of the nonresident defendant is known. The affiant, in seeking service by publication, swore that the address of the defendant was unknown but gave defendant's last known address. In response thereto the Nevada court issued its order for publication of summons by also requiring that a copy of the summons and the certified copy of the complaint be mailed to the defendant's last known address. The first publication occurred on May 3, 1955, and a copy of the summons and certified copy of the complaint were deposited in the mail to the last known address of the defendant on May 9, 1955. *Held:*

Service by publication was completed on June 3, 1955, although, if required to serve the defendant by depositing a copy of the summons and certified copy of the complaint, it would not be deemed complete until four weeks after May 9, 1955. But the mere fact that the Nevada judge ordered the service by both methods did not require that the service be accomplished by the deposit in the mails, since Nevada law, as here stipulated does not require it where the residence of the nonresident defendant is unknown. The stipulation also shows the defendant had 20 days from service in which to answer, and since no answer was filed by June 23, 1955, the decree of the Nevada court granting a divorce on June 24, 1955, appears valid. Accordingly, unless the decree is otherwise void for fraud in its procurement, the Georgia courts must give it full faith and credit under the Constitution of the United States. *Code* § 1-401; Williams v. North Carolina, 325 U. S. 226 (65 SC 1092, 89 LE2d 1577, 157 ALR 1366); *Patterson v. Patterson*, 208 Ga. 7 (64 SE2d 441); *Meeks v. Meeks*, 209 Ga. 588 (74 SE2d 861). The court erred in granting the motion for summary judgment.

*Judgment reversed. All the Justices concur.*

ARGUED MAY 13, 1969—DECIDED MAY 22, 1969.

*Charles J. Driebe, Ernest M. Smith*, for appellants.
*George W. Willingham, Benjamin B. Garland, Robert S. Dennis*, for appellee.