### 25973. WILLIAMS v. WILLIAMS.

SUBMITTED SEPTEMBER 14, 1970—DECIDED OCTOBER 8, 1970.

*Leon A. Wilson, II,* for appellant.

ALMAND, Chief Justice. This appeal is from an order dismissing a petition for a divorce on the ground that the court did not have jurisdiction of the person of the plaintiff in that he had not been a bona fide resident of the State of Georgia for six months before filing his application for a divorce (*Code Ann.* § 30-107).

Lamar Williams filed his complaint for a divorce against Shirley C. Williams, in which he alleged that he had been a resident of Pierce County, Ga., for more than six months preceding the filing of his complaint, and that the defendant was a resident of Green Cove Springs, Fla. The defendant filed her answer on March 9, subject to her plea of lack of jurisdiction

over the person of the plaintiff. In her motion to dismiss, she supported the same with her affidavit in which she stated that at the time of separation of the parties, September 1, 1969, they were residing at 1212 West Oxford Street, Philadelphia, Pennsylvania, where the plaintiff was employed.

In his response to this motion the plaintiff in his affidavit stated that: Upon reaching his majority he purchased a home and established his residence in Blackshear, Pierce County, Georgia, and physically lived there until May 1, 1968, when he moved to Philadelphia. He has retained and maintained his residence in Blackshear, however, and periodically returned for the purpose of attending to his property. During this time he returned his property for taxes in Pierce County as a resident of the county. He never intended to abandon and did not actually abandon Pierce County as his permanent place of abode.

On the hearing of the motion, the defendant filed another affidavit, attaching certain exhibits, one exhibit being a certified copy of a "City of Philadelphia Voter's Permanent Registration Affidavit," in the name of Lamar Williams, dated August 27, 1968, in which the plaintiff swore that he had resided in the State of Pennsylvania for 90 days next preceding said election, and gave his address as 1212 W. Oxford Street, Philadelphia. Another exhibit was a copy of the plaintiff's 1968 U. S. income tax return, showing his address to be in Philadelphia. Some copies of wage and tax statements for 1968 also gave his Philadelphia address.

After a hearing, the court sustained the motion and dismissed the complaint.

■ Though the motion to dismiss for lack of jurisdiction and the order rendered pursuant to same recite the sustaining of the motion to dismiss, the filing of affidavits and documentary evidence changed the motion to dismiss into a motion for summary judgment and on appeal, this court will treat the case as if a formal motion for summary judgment had been made. Compare *Norton Realty &c. Co. v. City of Gainesville*, 224 Ga. 166 (2) (160 SE2d 819). In this situation, there is but one question to be answered and that is: do the pleadings, affidavits and

736

documentary evidence, "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law?" Ga. L. 1966, pp. 609, 660 (*Code Ann.* § 81A-156 (c)).

■ *Code Ann.* § 30-107 provides: "No court shall grant a divorce of any character to any person who has not been a bona fide resident of the State six months before the filing of the application for divorce." *Worsham v. Ligon,* 144 Ga. 707, 711 (87 SE 1025) states: "A man may have two residences, but only one place of domicile. There must be a concurrence of actual residence and the intention to remain, to acquire a domicile. Hart v. Lindsey, 17 N. H. 235 (43 AD 597); Hairston v. Hairston, 27 Miss. 704 (61 AD 530). If a person actually removes to another place, with the intention of remaining there for an indefinite time as a place of fixed domicile, such place becomes his domicile. If a person leaves the place of his domicile temporarily, or for a particular purpose, and does not take up an actual residence elsewhere with the avowed intention of making a change in his domicile, he will not be considered as having changed his domicile. Crawford v. Wilson, 4 Barb. 505; Ross v. Ross, 103 Mass. 575. But if a person changes his domicile without any present intention of removing therefrom, it is none the less his domicile, although he may entertain a floating intention to return, or to move somewhere else at some future period."

*Patterson v. Patterson,* 208 Ga. 713 (64 SE2d 441): "The question of domicile is a mixed question of law and fact, and is ordinarily one for a jury (*Harkins v. Arnold,* 46 Ga. 656; *Forlaw v. Augusta Naval Stores Co.,* 124 Ga. 261 (1) (52 SE 898); *Stallings v. Stallings,* 127 Ga. 464 (5) (56 SE 469, 9 LRA (NS) 593); *Bellamy v. Bellamy,* 187 Ga. 804 (2 SE2d 413), and should not be determined by the court as a matter of law except in plain and palpable cases. *Smith v. Smith,* 136 Ga. 197, supra; *Mayo v. Ivan Allen-Marshall Co.,* 51 Ga. App. 250 (180 SE 20)."

In *Williams v. Williams,* 191 Ga. 437 (1) (12 SE2d 352) it was held that *Code* § 30-107 properly construed requires that the plaintiff in a divorce action must be domiciled in this State for the period of time fixed therein and does not require in addition

that the plaintiff shall have actually resided in this State during such period.

The question as to whether or not the plaintiff had resided in Georgia six months before instituting his divorce action is a mixed question of law and fact "that could legally be determined only by the jury on the evidence." *Bellamy v. Bellamy,* 187 Ga. 804, 806, supra.

There being in this case a genuine issue of a material fact for decision by a jury, it was error to grant a summary judgment dismissing the case.

*Judgment reversed. All the Justices concur.*