28127, 28128. CAMPBELL v. CAMPBELL; and vice versa.

UNDERCOFLER, Justice. Charles Robert Campbell, Jr., filed a complaint for divorce in Carroll County, Ga., on July 11, 1972. After due notice, service by publication was perfected. On October 12, 1972, Joanna F. Campbell filed her answer, plea to the jurisdiction, motion to dismiss, and a plea of res judicata. The husband filed a motion for summary judgment to the wife's plea to the jurisdiction and to the plea of former recovery. The wife filed a motion for summary judgment on the grounds that the trial court lacked jurisdiction of the marital status and jurisdiction of the wife since she was a nonresident and she moved that her plea of res judicata as to any issue of alimony, child custody and child support be granted. The wife attached the deposition of the husband to her motion for summary judgment and exemplified copies of a divorce from bed and board suit instituted by her in Lake County, Ind., on February 7, 1972. The husband personally appeared at the Indiana divorce hearing and entered a stipulation regarding child custody, child support and alimony. On August 18, 1972, an order of the Indiana court provided that he make certain alimony and child support payments in accordance with his agreement, awarded custody of the children to the wife, and awarded attorney fees to the wife. The trial court overruled the husband's motion for summary judgment. The trial court overruled the wife's motion for summary judgment on the plea of res judicata as to any issue of alimony, child support and child custody. The trial court sustained the wife's motion for summary judgment on the basis that it lacked jurisdiction of the marital status and the wife and dismissed the complaint. No attorney fees were awarded to the

wife. The husband filed an appeal to this court and the wife filed a cross appeal. *Held:*

1. Code Ann. § 30-107 provides: "No court shall grant a divorce of any character to any person who has not been a bona fide resident of the State six months before the filing of the application for divorce." "If a person actually removes to another place, with the intention of remaining there for an indefinite time as a place of fixed domicile, such place becomes his domicile. If a person leaves the place of his domicile temporarily, or for a particular purpose, and does not take an actual residence elsewhere with the avowed intention of making a change in his domicile, he will not be considered as having changed his domicile. Crawford v. Wilson, 4 Barb. 504; Ross v. Ross, 103 Mass. 575. But if a person changes his domicile without any present intention of removing therefrom, it is none the less his domicile, although he may entertain a floating intention to return, or to move somewhere else at some future period." *Williams v. Williams,* 226 Ga. 734, 736 (177 SE2d 481).

"The question of domicile is a mixed question of law and fact and is ordinarily one for a jury *(Harkins v. Arnold,* 46 Ga. 656; *Forlaw v. Augusta Naval Stores Co.,* 124 Ga. 261 (1) (52 SE 898); *Stallings v. Stallings,* 127 Ga. 464 (5) (56 SE 469, 9 LRA (NS) 593); *Bellamy v. Bellamy,* 187 Ga. 804 (2 SE2d 413)), and should not be determined by the court as a matter of law except in plain and palpable cases. *Smith v. Smith,* 136 Ga. 197 [71 SE 158]; *Mayo v. Ivan Allen-Marshall Co.,* 51 Ga. App. 250 (180 SE 20)." *Patterson v. Patterson,* 208 Ga. 7, 13 (64 SE2d 441); *Williams v. Williams,* 226 Ga. 734, 736, supra.

It follows that the trial court erred in sustaining the wife's motion for summary judgment on the basis that it lacked jurisdiction of the marital status.

2. The wife had filed a plea of res judicata on the ground that a complaint for separation from bed and board was filed in Lake County, Indiana; that the plaintiff appeared pro se at a hearing for temporary orders of support, attorney fees and restraining order on February 14, 1972; and that on August 18, 1972, a final decree was entered on that complaint and constituted a full and final adjudication on any issue of alimony, child support and child custody.

The appellant husband moved for a summary judgment on the issue of res judicata on the ground that he was not served with the Indiana complaint. There is no merit in his contention. His

deposition shows that he personally appeared in the Indiana court and signed an agreement which was incorporated into the final judgment of the court.

3. The consent judgment entered in Indiana concluded the issue of alimony, child support, and custody of the children and is entitled to full faith and credit in Georgia. Kreiger v. Kreiger, 334 U. S. 555 (68 SC 1221, 92 LE 1572); Estin v. Estin, 334 U. S. 541 (68 SC 1213, 92 LE 1561, 1 ALR2d 1412); 24 AmJur2d 1129, § 993. The trial court should have sustained the wife's plea of res judicata and it was error not to do so.

4. The wife contends that the trial court abused its discretion in failing to award attorney fees to her for the use of her counsel. We find no abuse of discretion in failing to award attorney fees on behalf of the wife.

*Judgment affirmed in part; reversed in part on main appeal and on cross appeal. All the Justices concur.*

ARGUED SEPTEMBER 10, 1973 — DECIDED OCTOBER 5, 1973.

*Neil L. Heimanson,* for appellant.
*Beryl H. Weiner, J. Matthew Dwyer, Jr.,* for appellee.