[Civ. No. 12892.   First Dist., Div. Two.   Oct. 5, 1945.]

MAY RICH DAVIS, Appellant, v. EDWARD GUY DAVIS, Respondent.

A. L. Crawford for Appellant.

Henry Jacobsen, Jr., for Respondent.

NOURSE, P. J.—Plaintiff sued for separate maintenance. Defendant set up as a defense a decree of divorce granted in the State of Nevada.   The trial court found this decree valid and entered judgment for the defendant.   On this appeal the only real question involved is whether the evidence supports this finding.

The evidence leading up to the entry of the Nevada decree

is widely conflicting, both plaintiff and defendant frequently testifying to directly opposite versions of the same circumstances. Stating the facts in the light most favorable to respondent, and as they were found to be true by the trial court, it appears that for a number of years the defendant was employed as a yard master at the San Francisco terminal of the Southern Pacific Railroad, and the plaintiff in a hair dressing shop in the same city. The parties were married in 1922 and lived together as man and wife until sometime in 1933 when by mutual consent they separated and thereafter occupied separate residences.

In 1938 defendant was sent to a tuberculosis sanitarium in Arizona where he remained for about four months and was then returned to a San Francisco hospital. After he returned to his work he was found to have suffered a recurrence of his former ailment and in October, 1941, went to Reno, Nevada, for the purpose of seeking employment in a high, dry climate. He testified that he intended at that time to make Nevada his permanent residence and that he spent several weeks in interviewing employees of the Southern Pacific Railroad Company in that section in an endeavor to exchange his position in San Francisco for a like position in the Nevada section. After he had acquired a domicile within the State of Nevada in accordance with the laws of that state he filed a suit for divorce. A judgment and decree of divorce was entered therein on January 13, 1942, and immediately thereafter defendant remarried.

The appellant herein attacks the Nevada decree upon two grounds, first, that the domicile in Nevada was sham and taken solely for the purpose of securing a divorce, and second, that there was fraud in the procurement of the decree in that a copy of the summons was addressed to her at 1735 Ellis Street in San Francisco whereas her correct address was 735 Ellis Street.

As we said, the trial court found against appellant on both issues. ■ As to the question of sufficient domicile the case is on a line with *Windsor* v. *Windsor*, 42 Cal.App.2d 464 [109 P.2d 363] and *Plante* v. *Plante*, 54 Cal.App.2d 318 [128 P.2d 787]. In the latter case the court cited *Delanoy* v. *Delanoy*, 216 Cal. 27 [13 P.2d 719] and *Cardinale* v. *Cardinale*, 8 Cal. 2d 762 [68 P.2d 351] to the accepted rule that a foreign decree regular on its face is entitled to a presumption of validity and that the burden is upon the party attacking it. That principle controls here. The appellant merely casts some sus-

picion upon the testimony of the respondent but the trial court believed his testimony and found accordingly. Hence, the burden cast upon the appellant to overcome the presumption of validity of the decree was not sustained.

The question of fraud in the procurement of the decree is based upon the claim that respondent gave his attorney a false address so that the copy of summons was not received by the appellant. She testified that she had lived at 735 Ellis Street in San Francisco since 1938 and that the respondent had lived there with her. This was denied by the respondent and the trial court found his testimony to be true. It appears that the appellant had moved her residence to different places in San Francisco on numerous occasions without notifying her husband; that she did the same as to her place of employment; there was thus some excuse for his not knowing her place of abode at that particular time. It may be that a more diligent inquiry would have enabled him to discover the correct address, but the assertion that the false address was given purposely to withhold from appellant knowledge of the pending action was not supported by any competent evidence. Here again the suspicious circumstances are referred to as indicating fraud. But the trial court rejected the inferences and believed the testimony of the respondent and that ends the controversy.

The judgment is affirmed.

Goodell, J., concurred.