[Civ. No. 14067.   First Dist., Div. One.   June 9, 1949.]

EDYTHE ELVERA COLEMAN, Appellant, v. MERVIN COLEMAN, Respondent.

Waldo F. Postel for Appellant.

Leonard A. Worthington for Respondent.

WARD, J.—This is an appeal from a California judgment establishing a Nevada divorce decree as a valid foreign judgment.

Plaintiff filed a complaint charging extreme cruelty and failure to provide and prayed for separate maintenance, community property, attorney fees and costs. Defendant answered by denying the allegations of cruelty and failure to provide and set up an absolute decree of divorce secured November 18, 1946, in the State of Nevada. Attached to the answer is a copy of the decree. By way of cross-complaint defendant prayed that the Nevada decree should be accorded full faith and credit. Plaintiff answered the cross-complaint by alleging an absence of jurisdiction on the part of the Nevada court and prayed that it be declared a nullity. Thereupon defendant filed an amendment to his answer and cross-complaint alleging that for six months prior to the separation the plaintiff and cross-defendant was guilty of extreme mental cruelty which caused him to suffer mentally and physically. Attached to the amendment is a cause of action for annulment. A motion to strike out the amended cross-complaint was granted, but defendant was permitted to answer and cross-complain upon allegations for divorce and not otherwise. Defendant complied by filing an amendment confined to the divorce allegations on the ground of extreme cruelty, but eliminated the cause of action praying for an annulment.

The California court decreed that plaintiff take nothing by her complaint and that the defendant have judgment establishing the decree of divorce rendered in the State of Nevada.

The appeal is from the whole of the judgment. If the judgment establishing the Nevada divorce judgment as a foreign judgment of a sister state in full force and effect on the date of the judgment, November 18, 1946, which purported to sever

the marital status of plaintiff and defendant was a valid and absolute decree of divorce then all other questions raised by plaintiff or defendant or by the court's findings are without avail to either party and need not be considered.

The California court found that for the statutory period prior to the filing of the Nevada complaint "the Defendant was a bona fide resident of the County of Washoe, State of Nevada, which said County and State were then and there the matrimonial domicile of the Defendant. That the said District Court of Nevada had jurisdiction of the parties, that Defendant's residence in said State was bona fide, and that the Decree thus entered is entitled to full faith, credit and recognition by this Court." The opening brief for appellant states that defendant went to Nevada for the sole purpose of securing a divorce. It is also mentioned that he left Nevada on the day following the completion of the residence requirement in Nevada. The record shows that defendant testified, as a witness under Code of Civil Procedure, section 2055, that he went to Reno, Nevada, on August 4, 1946, and did not leave until September 17 of the same year. There was some effort to show that he was in San Francisco on August 6, based upon a letter mailed on that date. Defendant testified: "Yes, I left on a Sunday, and I forgot to mail the letter, and I had the letter all written and the envelope all addressed ready to go, and I had forgotten to mail it. When I got to Reno I phoned up and asked them to mail it. I told them I had forgotten to mail the letter." The evidence shows that from August 7, 1946, he lived at a specified address in Reno which he gave as his permanent address on his Social Security card. This address has never been changed. During his stay in Nevada he made inquiry as to permanent business engagements. In this respect defendant produced corroboration of some of his efforts. There is evidence from which a reasonable inference may be drawn that defendant intended to make Reno his permanent home. The evidence also shows that he returned to San Francisco because of the illness of his brother and brother-in-law. The illness and the subsequent death of the parties caused defendant to return to the furniture business with which he was previously connected. There is evidence that plaintiff knew of defendant's presence in Reno. She visited Reno during the period her husband remained there and interviewed lawyers about her husband's pending divorce, but took no action toward a contest. Plaintiff construes the evidence as establishing that defendant only in-

tended to make Nevada his temporary residence. In view of the evidence noted this court is bound by the finding of the trial court.

Primarily, plaintiff relies upon *Crouch* v. *Crouch*, 28 Cal. 2d 243 [169 P.2d 897], and *Kegley* v. *Kegley*, 16 Cal.App.2d 216 [60 P.2d 482]. In the Kegley case, at page 221, the court stated: "A foreign divorce obtained through assumed residence is not in good faith, and is open to attack in the state of the true matrimonial domicile and the parties sought to be bound by it may always impeach its validity and escape its effect by showing that the court which rendered it had no jurisdiction over the parties or the subject-matter of the action, and its jurisdiction may be controverted by extraneous evidence." In accord, *Dandini* v. *Dandini*, 86 Cal.App.2d 478 [195 P.2d 871]. A holding to the same effect is found in *Crouch* v. *Crouch*, *supra*, but the court prefaced such statement with the following: "The rule of decision long followed in this state is that when a foreign divorce decree is relied upon, and the record shows compliance with the foreign law, a presumption of validity arises and, in the absence of a successful attack upon the ground that the foreign court had no jurisdiction, the foreign decree will be recognized here." (Pp. 249-250.) In the Crouch case the court considered leading cases dealing with the same subject: *Haddock* v. *Haddock*, 201 U.S. 562 [26 S.Ct. 525, 50 L.Ed. 867]; *Williams* v. *North Carolina*, 325 U.S. 226 [65 S.Ct. 1092, 89 L.Ed. 1577, 157 A.L.R. 1366]; *Esenwein* v. *Pennsylvania*, 325 U.S. 279 [65 S.Ct. 1118, 89 L.Ed. 1608, 157 A.L.R. 1396]; and other cases.

The present appeal is in many respects similar to *Windsor* v. *Windsor*, 42 Cal.App.2d 464 [109 P.2d 363]. In that case the husband testified that he visited Nevada for the purpose of buying a ranch. During his stay he established a residence for the period required by law prior to the filing of his divorce action. An inference might have been drawn that Windsor had not established a bona fide residence in Nevada. In the Windsor opinion, at page 466, the court stated: "The most that can be said is that under the evidence the trial court might have decided the disputed issue of fact either way and under such circumstances, an appellate court may not interfere after the trier of the facts has made its determination." (See *Davis* v. *Davis*, 71 Cal.App.2d 150 [162 P.2d 62].) *Estin* v. *Estin*, 334 U.S. 541 [68 S.Ct. 1213, 92 L.Ed. 1561, 1 A.L.R.2d 1412] and *Rice* v. *Rice*, 336 U.S. 674 [69 S.Ct. 751,

93 L.Ed. ——] are not inconsistent, but rather in harmony with the views expressed herein.

The judgment establishing the Nevada decree as a valid and absolute decree of divorce is affirmed.

Peters, P. J., and Bray, J., concurred.