24564. Mayo v. Ivan Allen-Marshall Company.

Jenkins, P. J. Domicile or legal residence for the purpose of suit exists when there has been a concurrence of an actual residence and an intention to remain there permanently. Such an intention may be proved by acts. In the trial of a plea as to the absence of personal jurisdiction, the question is one of fact, except in plain and palpable cases. See Code of 1933, §§ 79-401, 79-402; *Forlaw* v. *Augusta Naval Stores Co.,* 124 *Ga.* 261, 269 (52 S. E. 898); *Smith* v. *Smith,* 136 *Ga.* 197 (2) (71 S. E. 158); *Worsham* v. *Ligon,* 144 *Ga.* 707 (2) (87 S. E. 1025); *Jordan* v. *Carter,* 60 *Ga.* 443, 445 (2). The testimony of a party being construed most strongly against himself, and all the evidence authorizing the finding and judgment, the trial judge of the municipal court of Atlanta did not err in finding against the defendant on his plea to the jurisdiction and in entering judgment in favor of the plaintiff. Nor did the judge err in refusing a new trial to the defendant upon the ground that the judgment upon the plea was unsupported by evidence. The superior court, therefore, did not err in holding that the evidence authorized the judgment complained of, and in overruling the defendant's certiorari from the judgment of the appellate division of the municipal court, affirming the original judgment.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

Decided May 9, 1935.

*Augustus M. Roan, George F. Fielding,* for plaintiff in error.
*A. W. Long, Watkins, Grant & Watkins,* contra.