1. "Where a foreign corporation has an office and place of business in a county in this State, which is in charge of an agent upon whom service of a suit against the corporation can be legally made, such corporation is not a `non-resident' of this State within the meaning of the non-resident motorist act of 1937 (Ga. L. 1937, pp. 732-734), so as to authorize a suit against it, under such statute, in a county in this State where it has no office, place of business, or agent." Hirsch
v. Shepherd Lumber Cor., 194 Ga. 113 (20 S.E.2d 575).
2. Under the above ruling of the Supreme Court in this case, in answer to a certified question from this court, and the agreed statement of facts in support of the defendant's plea in abatement, the trial court properly sustained the plea and dismissed the plaintiff's action.
Judgment affirmed. Stephens, P. J., and Felton, J.,concur.
 DECIDED JUNE 29, 1942.
 STATEMENT OF FACTS BY SUTTON, J.
M. A. Hirsch, doing business as Miller Metals, sued the Shepherd Lumber Corporation in the civil court of Fulton County for damages alleged to have been sustained to the plaintiff's automobile when it collided with a truck of the defendant on a public highway between the towns of Hazlehurst and Lumber City, Georgia. It was alleged in the petition that the defendant was a non-resident corporation with its principal office in the State of Alabama, and service was had on the defendant under the non-resident motorist act of 1937 (Ga. L. 1937, pp. 732-734). The defendant filed a plea in abatement and alleged that it was a corporation organized under the laws of the State of Alabama, but was at the time referred to in the petition and is now engaged in business in Georgia, and then had and now has an office and place of doing business in Telfair County in the State of Georgia, which said office and place of business is in charge of agents and employees *Page 475 
of the defendant located in Telfair County; that the defendant has no office or place of business and no employees or agents in Fulton County, Georgia; and that by reason of the facts hereinbefore set forth, the civil court of Fulton County has no jurisdiction of the defendant and no jurisdiction to entertain said cause. but the superior court of Telfair County, Georgia, alone has jurisdiction of the defendant and jurisdiction to hear and determine said cause.
The issue formed by the plea in abatement to the plaintiff's petition was tried before the court on an agreed statement of facts. which supported the defendant's plea in abatement, and the defendant's plea was sustained and the plaintiff's action was dismissed. The exception is to that judgment.