31777.   CALHOUN, transferee, *v.* WILLIAMSON.

DECIDED NOVEMBER 1, 1947.

*Price & Spivey, Williams & Smith,* for plaintiff.
*I. W. Rountree,* for defendant.

PARKER, J.   An execution held by B. S. Calhoun, as transferee, was levied on certain lands of Maggie Williamson, one of the

defendants, to which she filed an affidavit of illegality alleging that the execution was proceeding illegally against her because it had been fully paid off and satisfied. The execution was based on a judgment for $808.31 principal, besides interest, attorney's fees and costs, and it was credited with a payment of $431.80 about which there seems to be no dispute. The defendant contended in her affidavit of illegality that an additional sum of $647.32 had also been paid on the execution, which amount, with the credit shown, was accepted by the holder of the execution in full and complete settlement thereof. The jury found for the defendant, and the plaintiff has excepted to the overruling of his motion for new trial.

■ As to the general grounds of the motion for new trial it may be said that the evidence was in conflict, but there was ample evidence supporting the finding of the jury in favor of the defendant and in support of her affidavit of illegality.

■ Grounds four and six of the amended motion relate to the same matter and will be treated together. They complain of the refusal of the court to allow the introduction in evidence of portions of the record in another case. The other case was an affidavit of illegality filed by J. A. Ogburn, under the levy of an execution held by B. S. Calhoun, transferee, based on a judgment against certain parties, but not including the defendant in this case. The contention is that the payment of $647.32 claimed by Maggie Williamson in the instant case was also claimed by J. A. Ogburn in the other litigation, and that Maggie Williamson was present in court when the other case was tried, and appeared as a witness therein, and knew that Ogburn was claiming the $647.32 as a credit on the execution levied in that case; and that by reason of her presence in court and her knowledge of the claim made by Ogburn she is now estopped to assert that the payment in question was applied in settlement of the execution against her.

We do not think that the court committed error in excluding from the evidence a part of the record in the other case. Maggie Williamson was not a party to the other case. She was not called upon to make any admissions or claims concerning the payment of the $647.32 when it was involved in the trial of that case. It does not appear that she gave any testimony with respect to that payment which could be considered as an ad-

mission contrary to her contentions now. The mere fact that she knew Ogburn was claiming credit for the payment she now says in this case was made on the execution against her does not amount to an estoppel as contended by the plaintiff.

Estoppels are not generally favored. Code, § 38-114. One who was physically present at the trial, but took no part therein, was not bound by a judgment in a case to which he was not a party. *Tarver* v. *Jones,* 34 *Ga. App.* 717 (131 S. E. 102). A defendant in a lien-foreclosure proceeding, in a court which has no jurisdiction of him, who files no plea, enters no appearance, and makes no defense, does not waive jurisdiction by testifying as a witness, and giving testimony without objection which made out the case against himself and for the plaintiff. *Mauck* v. *Rosser,* 126 *Ga.* 268 (55 S. E. 32). "In order to constitute estoppel by conduct, there must concur, first, a false representation or concealment of facts; second, it must be within the knowledge of the party making the one or concealing the other; third, the person affected thereby must be ignorant of the truth; fourth, the person seeking to influence the conduct of the other must act intentionally for that purpose; and, fifth, persons complaining shall have been induced to act by reason of such conduct of the other." *Tinsley* v. *Rice,* 105 *Ga.* 285, 290 (31 S. E. 174). "Where the facts relied on to establish the estoppel do not unequivocally show an estoppel in pais, the jury, and not the judge, should determine whether the facts constitute such an estoppel." *Tune* v. *Beeland,* 131 *Ga.* 528 (3) (62 S. E. 976) ; *Hughes* v. *Cobb,* 195 *Ga.* 213, 231 (23 S. E. 2d, 701). Furthermore, although the documentary evidence relating to the other illegality was excluded by the court, both the defendant and a witness offered by her were cross-examined very thoroughly with respect to the other trial and the testimony they gave therein. It thus appears that the fact of the other trial, and the fact that the defendant therein claimed as a credit the same payment involved here, were clearly brought out in the oral testimony, and the plaintiff had the full benefit of that contention before the jury.

■ The court did not err in giving the charge as complained of in ground five.

*Judgment affirmed. Sutton, C. J., concurs, and Felton, J., concurs in the judgment.*