## 51563. STEWMAN v. MAGLEY.

PANNELL, Presiding Judge.

Dorothy E. Magley brought an action against Joe Stewman in the Superior Court of Fulton County alleging that she received certain physical injuries as a result of the negligence of the defendant in an automobile collision which occurred close to the intersection of Peachtree Street and Sixth Street, N. E., in Atlanta, Fulton County, Georgia, between the automobile in which she was a passenger and one driven by the defendant. She sought damages in the amount of $50,000. The original complaint alleged the defendant resided at 7200 Hunters Branch Drive, N. E., Atlanta, Fulton County, Georgia. The suit was filed July 22, 1974. Complainant, on July 30, 1974, amended her complaint alleging the defendant resided at 2555 Poplar Street, Memphis, Tennessee. The

return of service at this point showed that the defendant could not be found in that county (Shelby County). This return was made on August 12, 1974, and on August 23, 1974, the complaint was again amended alleging the defendant was a resident of Columbia, Tennessee, and service was perfected upon him. On August 30, 1974, the defendant answered the complaint within the time required by law, alleging "lack of jurisdiction" and improper venue and service. No motion to dismiss on these grounds was filed within the time required by law. On January 27, 1975, defendant moved to dismiss the complaint on the grounds of lack of venue, alleging the defendant was a resident of 7200 Hunters Branch Drive, N. E. Atlanta, Fulton County, Georgia on July 24, 1972, the day of the collision, and could not be served under our Long Arm Statute. See Ga. L. 1966, p. 343; 1970, pp. 443, 444 (Code Ann. § 24-113.1). This motion further alleged that these defenses were raised in his answer. The record does not disclose that any objection was made to the late filing of this motion. After hearing, the trial judge entered the following order on August 11, 1975: "The above-styled case coming on regularly to be heard before me on defendant's motion to dismiss plaintiff's complaint on the ground that this court does not have jurisdiction over the defendant pursuant to the Georgia long-arm statute . . ., and after consideration of the pleading, answers to interrogatories and affidavits submitted by both parties, the Court finds and determines that this Court does have jurisdiction over the defendant in this case, therefore, it is ordered and adjudged that defendant's motion be and the same is hereby denied."

The affidavit of the defendant attached to the motion recited that on July 24, 1972, the defendant "had a residence" at 7200 Hunters Branch Drive, N. E., Atlanta, Fulton County, Georgia, and was domiciled in the State of Georgia on said date, and at the time of the instance in issue, and that at the time the action was filed he did not have a residence in the State of Georgia, and was not domiciled in the State of Georgia, but had a residence in the State of Tennessee and was domiciled in the State of Tennessee, which is also true as to the time of service. So far as material, an affidavit of Dennis P. Magley stated

that he was the owner and operator of the automobile in which the complainant was a passenger which was involved in the collision with the automobile driven by the defendant, and states that "immediately subsequent to said collision, and at the site of the occurrence of said collision, affiant engaged in conversation with the defendant, Joe Stewman. At said time and place defendant, Joe Stewman, stated to affiant that he, Joe Stewman, lived in Tennessee and was visiting Atlanta for the week-end in preparation of a contemplated move to the Atlanta Area. Affiant further states that the said Joe Stewman informed affiant that he, Joe Stewman, resided at 3077 Fairborn Drive, Memphis, Tennessee." This affidavit further disclosed that the license plate on the automobile driven by the defendant was a tag issued by the State of Tennessee, being Number 2V1322.

Documentary evidence shows an application for gas service at the address of 7200 Hunters Branch Drive, N. E., Atlanta, Fulton County, Georgia, dated July 21, 1972, for services beginning July 31, 1972, the application being made by the real estate firm that handled the purchase of the house. The changeover from the former resident to the defendant-purchaser was made July 31, 1972. The defendant signed a contract to purchase the property at the above address on June 29, 1972, with the closing date set for July 24, 1972, and possession of the premises to be surrendered to the purchaser on August 1, 1972.

A second affidavit was filed by the defendant in which he stated that before the month of May, 1972, he was a resident of Tennessee, and that while there he was employed in the insurance business, and that in May of 1972 he decided to move his residence to Atlanta, Georgia, from Memphis, Tennessee; that in May or June of 1972, he obtained employment with Midland Service Underwriters, Inc., located at 3376 Peachtree Road, N. E., Atlanta, Georgia; and that in June of 1972 he actually began working for this employer and residing in Atlanta, Georgia; that on June 29, 1972, he contracted to purchase the house at 7200 Hunters Branch Drive, N. E., and consummated the purchase during the day of July 24, 1972 (Copies of the closing statements, etc., were

attached.); that the automobile collision resulting in the present action occurred on the night of that day after the closing; that the previous occupant of the house purchased surrendered possession on August 1, 1972, and "on that date, I and my family actually moved into the above mentioned home in Fulton County, Georgia." This affidavit further stated that the defendant started working for the above mentioned employer in June, 1972, and that from June, 1972 until August, 1972, he resided in Atlanta, Georgia "in a motel"; and that his family continued to reside in Memphis, Tennessee until they were able to move into the new home on August 1, 1972; that he and his family continued to reside in Atlanta until June of 1974, at which time they moved their residence back to Tennessee where they have continued to reside.

The defendant's answers to interrogatories show that the family in Tennessee moved to Georgia on August 3, 1972 with household belongings and possessions. The answers to interrogatories further show that the defendant stayed at various motels prior to the time of the collision; that his wife came down on several occasions to help him look for a house in which to move; the children did not come down until they moved into the new home on August 3, 1972. That the family moved back to Tennessee on June 10, 1974 and are now living at Route No. 3 in Columbia, Tennessee. This new residence was bought on April 21, 1974. *Held:*

1. We treat the motion here as an application for a determination prior to trial of a question of venue under Section 12 (b) of the Civil Practice Act (Ga. L. 1966, pp. 609, 622 as amended; Code Ann. § 81A-112 (d)). See *Howland v. Weeks,* 133 Ga. App. 843 (212 SE2d 487); *Hayes v. Superior Leasing Corp.,* 136 Ga. App. 98 (220 SE2d 86).

2. The Act approved March 10, 1966 (Ga. L. 1966, p. 343 as amended; 1970, pp. 443, 444; Code Ann. §§ 24-113.1 through 24-118), commonly referred to as the Georgia Long Arm Statute pertaining to personal jurisdiction in the courts of this state of a non-resident of the state, apply solely to persons who are non-residents of this state at the time of the commission of the acts set forth therein, and do not apply to a person who was a resident of

this state at such time and subsequently becomes a non-resident. *Thompson v. Abbott,* 226 Ga. 353, 357 (3) (174 SE2d 904).

3.  The sole remaining question is whether the trial judge was authorized to find the defendant was a resident of Tennessee and a non-resident of Georgia *at the time of the collision* resulting in the injuries and damage to the complainant.

Residence and domicile involve mixed questions of law and fact and generally are for a jury to decide unless the evidence demands a finding one way or another so that it may be determined as a matter of law. See *Commercial Bank v. Pharr,* 75 Ga. App. 364, 377 (43 SE2d 439) containing the following quote from *Forlaw v. Augusta Naval Stores Co.,* 124 Ga. 261, 271 (52 SE 898): " 'The existence or nonexistence of a domicile in a given locality, where the facts are conflicting, is a mixed question of law and fact. So far as it involves questions of fact, including the ascertainment of the intention of the party, it is solely within the province of the jury, whose determination is conclusive, unless the verdict is set aside as having been against the evidence. . . And generally speaking, the question of what should be considered the domicile of a party is in all cases rather a question of fact than of law.' 9 Cyc. 865."

There seems to be no question under the evidence here that the defendant intended to become a resident of and domiciled in Georgia, and did so become, but the question is *when did this occur.* It could have occurred when he took a job in Georgia and while working at the job lived at various motels. It could have been when he contracted to purchase the home in Atlanta or on the day of the closing which occurred on the day of the collision, which occurred that night; or it could have been the day he took possession and his family moved into the home, which under the defendant's own evidence was either August 1st or August 3rd. The evidence to the effect that at the time of the collision, which was after he bought the house he stated his residence was in Tennessee and that his family lived there in a place of abode provided by him, is good evidence of his *intent* and that he did not consider himself a resident of Georgia until his family arrived and

they all moved into the place of permanent abode. Where a man provides a permanent place of abode for his family, though he resides for business reasons elsewhere, is strong, if not controlling evidence of his domicile. See *Forlaw v. Augusta Naval Stores Co.,* 124 Ga. 261, 268, supra, where a father, Forlaw, was sued in Richmond County, Georgia where he had lived about two months before suit was filed (the time for determining venue) and the court in affirming a finding of a jury as to venue in Richmond County, said "If the three minor children of the plaintiff in error, Forlaw, had resided permanently under a roof which he had provided and under which he himself lodged when on his visits to them, we might have been able to hold as a matter of law that even though the greater part, or practically all, of his time was passed at other places in other counties or in other States, he had a family," inferring his residence would have been where he provided a place for his family, but holding under the evidence his children were often divided and living in different places, and the finding of the jury was affirmed. "The domicile or residence of a person of full age, and laboring under no disability, is the place or county where the family of such person shall permanently reside, if in this State, and suit shall be instituted against him in that county: Code [§ 79-402]." *Daniel v. Sullivan,* 46 Ga. 277, 278. See also *Mayo v. Ivan Allen-Marshall Co.,* 51 Ga. App. 250 (180 SE 20). The facts here, in our opinion, clearly make a jury issue as to whether at the time of the alleged tort the defendant intended to be, and was, a resident of Tennessee, rather than Georgia, and the finding by the trial judge that the defendant was still a resident of Tennessee at the time of the tort was authorized.

The defendant, however, relies heavily on *Davis v. Holt,* 105 Ga. App. 125 (123 SE2d 686) and *Thompson v. Abbott,* 226 Ga. 353, supra, both of which cases held that a person could have two residences, one in Georgia and one in another state, and that if he was a resident in Georgia at the time of the incident bringing into play the Long Arm Statute, the Long Arm Statute had no application even though he was also a resident of another state. In the *Davis* case the evidence was overriding that the defendant

and his wife resided in Fulton County, Georgia, before, at the time of, and subsequent to an automobile collision, and that certain evidence relating to a possible residence in Alabama merely showed defendant was temporarily sojourning in Alabama. We quote the language of the court and the reference to the evidence as to the Alabama "residence": "None of it presented any facts inconsistent with the defendant's averred intention that his residence is in Fulton County, Ga. The most that can be said of it is that it showed that the defendant was temporarily in Alabama. All of the evidence combined clearly demands recognition of the factual actuality that the defendant's residence is in Fulton County, Ga." A reading of the facts proven in that case shows the court was correct in the above ruling. In Division 3 of the opinion, attention was called to the fact that the plaintiff contended the defendant was estopped to claim he was not a resident of Alabama because of certain "statements, admissions, and records." The court then ruled thusly on that contention: "The holding in division 1 of this opinion is sufficiently broad in its concept to include the view that where one resides in this State, he is not subject to service under the Nonresident Motorists Act, even though he may be a resident of another State also. Even when considered in the light most favorable to the plaintiff, the representations made by the defendant merely point to the possibility that he may have had two residences. Under these circumstances, the plaintiff cannot be said to have been ignorant of the truth of the defendant's Georgia residence. 'In order to constitute estoppel by conduct, there must concur, first, a false representation or concealment of facts; second, it must be within the knowledge of the party making the one or concealing the other; third, the person affected thereby must be ignorant of the truth; fourth, the person seeking to influence the conduct of the other must act intentionally for that purpose; and, fifth, persons complaining shall have been induced to act by reason of such conduct of the other.' *Calhoun v. Williamson,* 76 Ga. App. 91, 93 (45 SE2d 87); *Jones v. Tri-State Electric Co-operative,* 212 Ga. 577, 582 (94 SE2d 497). At least the fourth of these elements is missing in this case, since there is nothing to show that

the conduct of the defendant relied upon to work an estoppel was done intentionally by the defendant to influence the conduct of the plaintiff in filing an action against him. This contention has no merit." P. 132.

We find nothing in the *Davis* case to demand a finding the defendant here had a residence in Georgia, as well as Tennessee, at the time of the collision so as to bar the use of the Long Arm Statute.

In the *Thompson* case, 226 Ga. 353, supra, the Supreme Court called attention to the ruling in the *Davis* case that a person could have more than one residence and then said: "In applying this rule, it is clear that the evidence of appellee which tended to establish a residence for the appellant in Alabama was irrelevant. After a careful search of the record, we can find no evidence controverting the evidence offered by the appellant tending to establish a residence for her in Georgia on the date of the accident." P. 357.

We find nothing in that case that requires us to hold the evidence here demanded a finding that the defendant was a resident of Georgia at the time of the alleged tort, although it may have so authorized. We, accordingly, affirm the trial judge who became the trior of facts, rather than a jury, under the circumstances of the present case.

*Judgment affirmed. Marshall, J., concurs. Evans, J., concurs in the judgment only.*

ARGUED JANUARY 5, 1976 — DECIDED APRIL 19, 1976 — REHEARING DENIED MAY 7, 1976 —

*N. Forrest Montet, Malcolm P. Smith,* for appellant. *McCurdy & Candler, George H. Carley,* for appellee.