**FIRST FLORIDA BUILDING CORPORATION, a Florida corporation, Plaintiff,**

**v.**

**Edward D. SMITH, Robert L. Gordon, Jr., Addison Reece, Nathan T. Bascom, Ben S. Gilmore, Huger Sinkler, Laverne Wilson and Thomas W. Alexander, as Trustees of Tri-South Mortgage Investors, a Massachusetts business trust, Defendants.**

**Civ. A. No. C76–897A.**

United States District Court, N. D. Georgia, Atlanta Division.

Jan. 5, 1982.

Kent P. Smith, Atlanta, Ga., for plaintiff.

F. Carlton King, Jr., Atlanta, Ga., for defendants.

### ORDER OF COURT

HORACE T. WARD, District Judge.

First Florida Building Corporation ("First Florida"), a Florida corporation, instituted this diversity action against the trustees of Tri-South Mortgage Investors ("Tri-South"), a Massachusetts business trust, seeking damages for Tri-South's alleged failure to abide by certain contractual obligations. Plaintiff contends that Tri-South entered into a construction loan commitment with The Mandel Partnership, not a party to this action, to finance the construction of a condominium project in South Carolina. Plaintiff alleges that it provided certain materials and services toward the construction of the project in reliance on Tri-South's loan commitment, and that it suffered damages as a result of Tri-South's

failure to honor its commitment. Plaintiff's complaint alleges that Tri-South was aware of First Florida's reliance on Tri-South's loan commitment, and that it induced First Florida to continue furnishing materials and services toward the construction of the project. Defendants filed a motion to dismiss shortly after the institution of this action, alleging that there was incomplete diversity between the parties. The motion to dismiss was granted. The dismissal of the action was appealed to the U.S. Court of Appeals for the Fifth Circuit, which, in reliance on another circuit decision, reversed the district court.[1] Defendants have now moved this court for summary judgment.

As grounds for the grant of summary judgment, defendants contend that this action is barred by the doctrines of res judicata and collateral estoppel. It is asserted that the claims and issues which are the subject of this action were litigated and decided adversely to plaintiff in the courts of the state of South Carolina. Specifically, defendants argue that the decision by a Special Master, affirmed by the trial court, in Civil Action No. 76 CP 40–1678, in the Court of Common Pleas in Richland County, South Carolina, precludes plaintiff from pursuing the case at bar. Plaintiff opposes the motion for summary judgment, contending that it was seeking in rem relief in the South Carolina action as opposed to the monetary damages sought in this case.

The related doctrines of res judicata and collateral estoppel play important roles in our system of justice. The doctrines serve at least two purposes: (1) to protect litigants from the burden of relitigating issues which have already been litigated and finally decided, and (2) to promote judicial economy by preventing repetitive litigation. See *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). The application of the doctrines is

1. The case on which the Fifth Circuit relied in reversing the district court's dismissal was appealed to the U.S. Supreme Court and proceedings in this case were stayed pending a resolution of the Supreme Court appeal. The Supreme Court affirmed the Court of Appeals'

decision in the other case. *Navarro Savings Association v. Lee*, 446 U.S. 458, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1979). That case involved the determination of the citizenship of a business trust.

essential in insuring the finality of judicial decisions and encouraging parties to rely on such decisions. *See Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). In the absence of the doctrines, parties would be free to go from court to court relitigating the same issues in search of a favorable decision. Thus, it is clear that these doctrines are important to an orderly system of justice.

Although they are often discussed simultaneously, the doctrines of res judicata and collateral estoppel are not identical. Under res judicata, a final judgment on the merits of an action prevents the parties to that action, or persons in privy with the parties, from litigating a subsequent lawsuit based on the same claim or cause of action. On the other hand, collateral estoppel bars the relitigation in a different claim or cause of action of issues that were litigated in the prior action and were essential to the outcome of the prior action. *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Parklane Hosiery Co. v. Shore, supra; Kaspar Wire Works, Inc. v. Leco Engineering and Machine*, 575 F.2d 530 (5th Cir. 1978). In other words, res judicata bars the relitigation of the same claim or cause of action, whereas collateral estoppel bars the relitigation of issues in a different cause of action. Res judicata is sometimes referred to as "claim preclusion," and collateral estoppel as "issue preclusion." *See Allen v. McCurry*, 449 U.S. at 94, n.5, 101 S.Ct. at 415 n.5; *Kaspar Wire Works, Inc. v. Leco Engineering and Machine, supra.* In applying res judicata and collateral estoppel, federal courts have allowed state court judgments to have preclusive effect. *See Allen v. McCurry, supra; Montana v. United States*, 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). In fact, the federal courts are specifically obligated to do so by statute. *See* 28 U.S.C. § 1738.

The Fifth Circuit has set certain prerequisites for the application of the doctrine of res judicata.[2] Those prerequisites are: (1) the prior judgment must have been rendered by a court of competent jurisdic-tion; (2) there must have been a final judgment on the merits; (3) the parties, or their privies, must be identical in both suits; and (4) the same claim or cause of action must be involved in both suits. *Jones v. Texas Tech University*, 656 F.2d 1137 (5th Cir. 1981); *Stevenson v. International Paper Company*, 516 F.2d 103 (5th Cir. 1975). Applying those elements to the case sub judice leads to the conclusion that the instant action would be barred by the doctrine of res judicata. There is no question as to the presence of the first three elements. The judgment in the prior lawsuit was rendered in the Court of Common Pleas of Richland County, South Carolina. The matter was appealed to the South Carolina Supreme Court where the decision of the trial judge was affirmed. There can be no serious dispute that the prior judgment was entered by a court of competent jurisdiction. Further, plaintiff cannot seriously contend that the prior judgment was not a final judgment on the merits. Also, as Tri-South was the plaintiff in the prior lawsuit and as First Florida was a defendant and a counterclaimant in the prior lawsuit, there is no question that there is a substantial identity of parties in both suits. Thus, it is clear that the first three prerequisites for the application of the doctrine of res judicata are present in this case.

The principal test for comparing causes of action in determining the applicability of res judicata is "whether the primary right and duty or wrong are the same in each action." *White v. World Finance of Meridian, Inc.*, 653 F.2d 147 at 150 (5th Cir. 1981). An examination of First Florida's cause of action as plaintiff in this case and its cause of action as a counterclaimant in the South Carolina action indicates that this test is met. First Florida's counterclaim in the South Carolina action was based on the exact same transaction as is the subject of this lawsuit. Further, the gravamen of the counterclaim in the prior action was the same as plaintiff's instant claim. In both cases, First Florida alleged that it furnished

---

**2.** In the absence of Eleventh Circuit authority, this court is bound by Fifth Circuit law.

materials and services toward the completion of the condominium project in reliance on Tri-South's construction loan commitment to The Mandel Partnership, and that it was damaged by Tri-South's wrongful failure to honor its commitment. In fact, the amount sought by First Florida on the South Carolina counterclaim, $425,666.89, is exactly the same amount sought in this action. After an examination of the above factors, the court concludes that "the primary right and duty or wrong" are the same in both the South Carolina action and the case at bar. Thus, it is the opinion of the court that this case involves the same cause of action as was involved in the South Carolina case.

Plaintiff's contention that the prior lawsuit was merely an in rem action wherein it was seeking to establish the priority of its mechanics lien over Tri-South's mortgage is without merit. In the South Carolina action, First Florida sought a money judgment against Tri-South for the sum of $425,666.89, as well as an adjudication that it had a lien upon the relevant property. *See* Plaintiff's Response Memorandum of Law, p. 3 and 4. Thus, it is apparent that First Florida was seeking more than merely in rem relief. However, even assuming that the South Carolina action was an in rem action, defendants would be entitled to summary judgment under the doctrine of collateral estoppel.

 In order for the doctrine of collateral estoppel to apply, it must be shown that: (1) the issue to which preclusion is sought in the second lawsuit is identical to that involved in the first lawsuit; (2) the issue was fully litigated in the prior action; and (3) the determination of the issue was essential to the outcome of the prior action. *Rufenacht v. Iowa Beef Processors, Inc.*, 656 F.2d 198 (5th Cir. 1981); *Johnson v. United States*, 576 F.2d 606 (5th Cir. 1978). From the record in this case, it appears that the relevant issues in this case were identical to the issues in the South Carolina action, that those issues were fully litigated in the South Carolina action, and that the determination of those issues was necessary to the outcome of the South Carolina action. Thus, the doctrine of collateral estoppel would preclude plaintiff from relitigating those issues in this case. Therefore, even if the South Carolina action were a different cause of action than involved in the case sub judice, plaintiff would be precluded from relitigating the essential issues by the doctrine of collateral estoppel.

For the foregoing reasons, defendants' motion for summary judgment is hereby GRANTED. The clerk is DIRECTED to enter judgment accordingly.