LENOX HOTEL COMPANY, Plaintiff,

v.

CHARTER BUILDERS, INC., John Does 1–10, Defendants.

VANTAGE PROPERTIES, INC., and PRG., Inc., Defendants and Plaintiffs–in–Counterclaim,

v.

LENOX HOTEL COMPANY, and Robinson–Humphrey Property, Inc. and Robinson–Humphrey Properties, Defendants–in–Counterclaim.

VANTAGE PROPERTIES, INC., and PRG, Inc., Third–Party Plaintiffs,

v.

MONROE CONCRETE CONSTRUCTION, INC., and Integon Indemnity Corporation, Dun–Par Engineered Form Company, and Transamerica Insurance Co., Third–Party Defendants.

Civ. A. No. 88–CV–577–JTC.

United States District Court, N.D. Georgia, Atlanta Division.

April 19, 1989.

---

Thomas H. Asselin, James Burton Vance and Carlton M. Henson, II, Peterson, Young, Self & Asselin, Atlanta, Ga., for Lenox Hotel Co.

David Richard Hendrick, Dudley Cecile Rochelle and Scott Kenan Tippett, Hendrick Spanos & Phillips, Atlanta, Ga., for Charter Builders, Inc., Vantage Properties, Inc., and PRG, Inc.

Joseph R. Manning and Bruce C. Smith, Morris, Manning & Martin, Atlanta, Ga., for Robinson–Humphrey Co., Inc. and Robinson–Humphrey Properties.

James Donald Humphries, III and John Patrick Gallagher, Varner, Stephens, Wingfield, McIntyre & Humphries, Atlanta, Ga. and Thomas M. Moore, Gould & Moore, Kansas City, Mo., for Dun–Par Engineered Form Co.

Glen W. Clark, Jr. and Christopher C. Howard, Jr., Palmer, Howard, Nowak & Clark, Lithia Springs, Ga., for Integon Indem. Corp.

## ORDER OF COURT

CAMP, District Judge.

This matter is before the court on defendants' motion to strike certain counts of plaintiff's amended complaint and alternative motion for a more definite statement; defendant Vantage's motion to dismiss count six of plaintiff's amended complaint and for sanctions; third-party defendants Dun–Par and Transamerica's motion to stay; plaintiff's motion for summary judgment; and plaintiff's motion for voluntary dismissal. For the following reasons, the court DENIES AS MOOT defendants' motion to strike certain counts of plaintiff's amended complaint and alternative motion for a more definite statement; DENIES AS MOOT defendant Vantage's motion to dismiss count six of plaintiff's amended complaint and for sanctions; DENIES third-party defendants Dun–Par and Transamerica's motion to stay; DENIES the plaintiff's motion for summary judgment; and GRANTS the plaintiff's motion for a voluntary dismissal.

## I. BACKGROUND

This action arises out of the construction of a hotel project known as the Hotel Intercontinental at Lenox Square, located in Atlanta, Georgia. Plaintiff Lenox Hotel Company, a joint venture, through its managing venturer Robinson–Humphrey Properties, Inc., entered the prime contract for construction with Charter Builders, Inc. The defendant and third-party plaintiff Charter Builders, Inc., now known as PRG, Inc.,[1] was the prime contractor for the construction of the project. The defendant and third-party plaintiff Vantage Properties, Inc.,[2] as owner of more than eighty percent (80%) of the capital stock of Charter/PRG, issued a guaranty dated April 25, 1986 to and for the benefit of Lenox and Lenox's lender, BancBoston Real Estate Capital Corporation, guaranteeing Charter/PRG's performance of all covenants, promises, and agreements in the Construction Agreement. Subsequent to the execution of the Construction Agreement, Charter/PRG entered into a subcontract with the third-party defendant Dun–Par Engineered Form Company for the performance of structural concrete forming work.

After construction began, numerous disputes arose between Lenox, Charter/PRG, and Vantage, including a substantial dispute about the sufficiency of the structural concrete forming work performed by Charter/PRG's subcontractor, Dun–Par. Lenox contends that certain form work was deficient and required substantial, costly, and time consuming remedies, which Lenox directed the defendants Charter/PRG and Vantage to perform. Because of the alleged deficiencies, Lenox withheld substantial payments owed to Vantage and Charter/PRG, including payment of retainage monies relative to Dun–Par's work.

On March 21, 1988, Lenox Hotel Company filed this action against defendants Charter/PRG and Vantage Properties, Inc., alleging that these defendants breached

---

**1.** The original contractor for this project was Charter Builders, Inc., who plaintiff named as a defendant in its complaint. Charter then filed its answer and counterclaim in which it submitted that it had changed its name to PRG, Inc. *See* Counterclaim, ¶ 2. In its amended complaint, however, plaintiff would not concede that PRG is the real party in interest. Both Charter Builders, Inc. and PRG, Inc. have made separate motions which this court must address.

The court cannot determine the real defendant from the record. This issue must be resolved by motion or otherwise; however, it has no bearing upon the present motions. Because the parties have not clarified the proper defendant, the court will jointly refer to both entities as "Charter/PRG."

**2.** The court will refer to Vantage Properties, Inc., now known as OVPI, as "Vantage."

the Construction Agreement with allegedly defective workmanship, including the structural concrete form work performed by Dun–Par. In plaintiff's original complaint, its claims against Charter/PRG were predicated entirely on breach of contract, breach of warranty, and negligence theories of recovery. Plaintiff Lenox amended its complaint to allege RICO and common law fraud claims against defendants Charter/PRG, Vantage, and Unknown John Doe defendants.

Vantage and Charter/PRG filed a counterclaim against Lenox and Robinson–Humphrey Properties, Inc., as the managing venturer, and Robinson–Humphrey Properties, Inc., as a joint venturer and individually. Vantage and Charter/PRG also filed a third-party complaint against Dun–Par and its performance bond surety, Transamerica Insurance Company. Dun–Par and Transamerica then filed a counterclaim against Vantage and Charter/PRG.

## II. DEFENDANTS' MOTION TO STRIKE CERTAIN COUNTS OF PLAINTIFF'S AMENDED COMPLAINT; DEFENDANT VANTAGE'S MOTION TO DISMISS COUNT SIX OF PLAINTIFF'S AMENDED COMPLAINT AND FOR SANCTIONS; PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL

■ Defendants Vantage, and Charter/PRG filed a motion to strike the fifth, sixth, seventh, and eighth claims of plaintiff's amended complaint or alternatively a motion for a more definite statement. In these counts, plaintiff maintained that Vantage and Charter/PRG engaged in various schemes with the "John Doe" defendants to defraud Lenox. Defendants maintained that these counts should be dismissed pursuant to Fed.R.Civ.P. 8, 12(e), and 12(f) because the use of "John Doe" allegations did not give defendants adequate notice of the claims. Also, defendants argued that the use of a "John Doe" pleading raised jurisdictional problems in this diversity action.

Defendant Vantage also filed a motion to dismiss Count Six of plaintiff's amended complaint and for sanctions. Vantage moved for dismissal of Count Six on the basis that plaintiff failed to state a RICO claim against Vantage. Vantage also sought dismissal of Count Six for failure to plead fraud with particularity. Vantage also sought sanctions on the basis that Count Six had been interposed without good faith and for harassment.

After negotiations with all parties, Lenox then filed a motion for voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(1)(ii) of the above counts at issue in its amended complaint. Counsel for plaintiff prepared the Stipulation, attached to their motion, for signing by "all parties who have appeared in this action" as required by Rule 41(a)(1)(ii). All parties signed the Stipulation, except for third-party defendants Dun–Par Engineered Form Company, its surety, Transamerica Insurance Company, and Integon Indemnity Corporation, Monroe Construction Inc.'s surety, which refused to sign the Stipulation, making this motion necessary.

■ Because all of the parties have refused to stipulate to a voluntary dismissal, the court must consider this matter pursuant to Fed.R.Civ.P. 41(a)(2). This rule allows a plaintiff, with approval of the court, to dismiss an action voluntarily and without prejudice to future litigation at any time. Dismissal on motion of the plaintiff pursuant to Rule 41(a)(2) is within the sound discretion of the district court. *McCants v. Ford Motor Company, Inc.,* 781 F.2d 855, 857 (11th Cir.1986). In most cases, a dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit. *Id.*

In the present case, dismissal of various counts in plaintiff's amended complaint will not address any claims pending against Monroe, Dun–Par or their sureties, nor does it address any claims they have pending. The Stipulation addresses only claims and counterclaims of the plaintiff Lenox, and defendants Vantage, Charter/PRG, the "John Does 1–10" and the limited third-party claim against Robinson–Humphrey Properties, Inc. These parties have consented to the proposed dismissal. While Monroe,

Dun–Par, Transamerica and Integon would not consent to dismissal, they have filed no opposition to the present motion for dismissal. Accordingly, the court GRANTS the plaintiff's motion for a voluntary dismissal.

This voluntary dismissal addresses the same claims which are the subject of the motions to strike and to dismiss brought by defendants Vantage, and Charter/PRG. Accordingly, defendants Vantage and Charter/PRG's motion to strike the fifth, sixth, seventh, and eighth claims of plaintiff's amended complaint or alternatively a motion for a more definite statement and defendant Vantage's motion to dismiss Count Six of plaintiff's amended complaint and for sanctions are DENIED AS MOOT.

## III. PLAINTIFF LENOX HOTEL'S MOTION FOR SUMMARY JUDGMENT

■ Plaintiff Lenox moves for summary judgment on all counts of the counterclaim, as amended, of defendants Charter/PRG and Vantage Properties. Plaintiff maintains that defendants are not entitled to maintain their counterclaims against plaintiff because they have not complied with O.C.G.A. § 48–13–32, Georgia's Nonresident Contractor's Statute. O.C.G.A. § 48–13–32 requires all nonresident contractors to post a performance bond as a prerequisite for maintaining an action to recover payment for performance.

By its terms, the statute at issue applies only to a "nonresident contractor":

No contractor who fails to register with the commissioner [of the Department of Revenue] as required by this article or who fails to comply with any provision of this article shall be entitled to maintain an action to recover payment for performance on the contract in the courts of this state.

O.C.G.A. § 48–13–37.

Plaintiff maintains that defendants have not complied with "this article" referred to in the above statute by not complying with O.C.G.A. § 48–13–31 and § 48–13–32. In relevant part, O.C.G.A. § 48–13–31 states:

Each nonresident contractor desiring to engage in the business of contracting in this state shall register with the commissioner for each contract when the total contract price or compensation to be received amounts to more than $10,-000.00 . . . .

In relevant part, O.C.G.A. § 48–13–32(a) provides:

Before entering into the performance of any contract the total price of which or the total compensation to be received by the contractor from which amounts to more than $10,000.00, the contractor shall execute and file with the commissioner a good and valid bond with a surety company . . . .

The parties do not dispute that Charter/PRG never filed a nonresident bond pursuant to O.C.G.A. § 48–13–32(a). The parties also do not dispute that Charter/PRG was a "contractor" within the meaning of O.C.G.A. § 48–13–30, a necessary prerequisite to the performance bond requirement in § 48–13–32(a). Plaintiff maintains that Charter/PRG, as a Texas corporation, was required to file this performance bond pursuant to O.C.G.A. § 48–13–32(a) prior to starting performance under the Project Completion Plan and the Memorandum of Agreement.

Defendants, however, argue that Charter/PRG was not required to file the bond because it was not a nonresident within the meaning of O.C.G.A. § 48–13–30. Defendant Charter/PRG maintains that it has been a resident corporation since 1973, despite the fact that it was incorporated in Texas. To support this conclusion, Charter/PRG argues that a distinction exists between foreign and domestic corporations, and resident and nonresident corporations. Defendants also point to the fact that they obtained an opinion upon which they relied in not filing the bond from Barbara K. Von Salis of the Georgia Department of Revenue, Sales and Use Tax Division, that Charter/PRG was a resident contractor which did not need to comply with the performance bond requirements of O.C.G.A. § 48–13–32(a).

■ A question of residency is a mixed question of fact and law, which is generally appropriate for the jury. *See Stewman v. Magley*, 138 Ga.App. 545, 227 S.E.2d 277 (1976); *Burnett v. Hope*, 124 Ga.App. 273,

183 S.E.2d 505 (1971). An issue of fact is created by defendants' evidence that Charter/PRG's Atlanta office has been its permanent, principal office and served as its headquarters since 1983; the majority of work is contracted out of this office; and the majority of records are maintained in this office.

■ O.C.G.A. § 48–1–2, which sets forth definitions to be used in the Revenue Code, defines only "foreign" and "domestic" corporations. O.C.G.A. § 48–1–2 does not define "resident" and "nonresident" corporations. A foreign corporation is not synonymous and cannot be equated with a nonresident corporation. *See Hirsch v. Shepherd Lumber Corporation*, 67 Ga.App. 474, 21 S.E.2d 110 (1942) (foreign corporation with office, place, of business, and registered agent is not a "nonresident" within meaning of Georgia Nonresident Motorist Act). Therefore, simply because the Charter/PRG may be considered a foreign corporation because it was incorporated in Texas does not preclude a finding that it is a resident contractor.

The cases upon which plaintiff relies, which concluded that the contractor was a nonresident within the meaning of O.C.G.A. § 48–13–32(a), are distinguishable from the present case. In *George C. Carroll Construction Company, Inc. v. Langford Construction Company*, 182 Ga.App. 258, 355 S.E.2d 756 (1987), the Georgia Court of Appeals held that a foreign corporation does not become a resident within O.C.G.A. § 48–13–32(a) merely because it obtains a certificate of authority pursuant to O.C.G.A. § 14–2–311. Similarly, evidence that the Georgia office served as the contractors principal headquarters was lacking in *The Winter Construction Company v. Lamas Constructors, Inc.*, Civil Action No. 87–1937A (N.D.Ga.1987) (Tidwell, J.). In *Lamas*, the court rejected a finding of resident status based merely on the fact that the contractor had a registered agent and registered office within Georgia.

Plaintiff has failed to establish as a matter of law that defendant is a nonresident contractor. Plaintiff's motion for summary judgment on defendant's counterclaim is DENIED.

## IV. THIRD–PARTY DEFENDANTS' DUN–PAR ENGINEERED FORM COMPANY AND TRANSAMERICA INSURANCE COMPANY'S MOTION FOR A STAY OF PROCEEDINGS

### A. *Factual Background*

■ Dun–Par Engineered Form Company was a subcontractor to Charter/PRG in the construction of the Hotel Intercontinental at Lenox Square. As seen, a substantial dispute arose as to the structural forming work performed by Dun–Par. Because of the deficiencies contended, plaintiff Lenox withheld substantial payments to Vantage and Charter/PRG, including payment of retainage monies for Dun–Par's work.

Charter/PRG and Vantage have not paid these monies owed to Dun–Par because under the subcontract this payment is allegedly not due until Dun–Par's work is accepted by the Owner Lenox and the architect and such amounts are first paid by the Owner.

Before plaintiff filed this suit, Dun–Par filed its mechanics and materialmen's lien in the real estate records of Fulton County, Georgia against the real property on which the hotel is located. On March 21, 1988, the Owner, Lenox Hotel Company, filed the complaint in this action. On May 6, 1988, defendants Vantage and Charter/PRG filed a third-party complaint against Dun–Par and their performance bond surety, Transamerica Insurance Company. On May 31, 1988, Dun–Par answered the third-party complaint and counterclaimed for the unpaid subcontract balance of $95,971.00. Dun–Par also asserted claims for the unpaid subcontract balance directly against the Owner, Lenox.

On May 27, 1988, Dun–Par filed an action against the defendants and third-party plaintiffs Vantage, Charter/PRG, and Gulf Insurance Company, who bonded Dun–Par's mechanics' and materialmens' lien, in the State Court of Fulton County, Georgia. Dun–Par maintains that it was required by state law to foreclose its mechanics lien within the time statutorily required in the State Court of Fulton County. Dun–Par also claims that it raised the issue of state lien law long before the filing of this action

in federal court by the filing of its lien in January of 1988 on the real estate records of Fulton County, Georgia.

Dun–Par and its performance bond surety, Transamerica, now seeks a stay of this action as to them. Dun–Par first argues that because there is a question of this court's subject matter jurisdiction over the lien proceeding, it is appropriate to allow Dun–Par's lien question involving a party not in this action to proceed in state court and stay the federal court action against Dun–Par and Transamerica. Otherwise, Dun–Par and Transamerica argue that they will be forced to file a fourth-party complaint against another surety, Gulf Insurance Company. Judicial economy and comity allegedly provide another basis for this court to stay this action. Dun–Par and Transamerica also maintain that a federal court should stay its proceedings when the state court was the first forum to obtain possession of the property at issue. Dun–Par and Transamerica finally argue that the abstention doctrine dictates that this action should be stayed as to them.

### B. *Stay of Proceedings*

■■■ The decision of whether to stay these proceedings is discretionary. When determining whether to grant a stay, the court should consider the possible damage, hardship, and inequities to either of the parties resulting from grant or denial of the stay, and the economy of judicial resources. *See Choat v. Rome Industries, Inc.,* 480 F.Supp. 387 (N.D.Ga.1979). Where a question of state law is unsettled and the federal decision would be disruptive to the state efforts to establish coherent policy, a court can exercise its discretion to stay the federal action pending the outcome of a state court proceeding. *Louisiana Power & Light Co. v. City of Thibodaux City,* 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959). However, where the question of state law appears to be settled, a stay is not appropriate. *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 815, 96 S.Ct. 1236, 1245, 47 L.Ed.2d 483 (1976).

There is no question of state law that appears to be unsettled in the present case for which a stay is appropriate. Dun–Par's

state court action to enforce its mechanics lien does not involve an unsettled issue of state law. *Id.*

■■■ Dun–Par and Transamerica also cannot argue that a stay is appropriate because a serious question exists of this court's subject matter jurisdiction over Dun–Par's lien enforcement action. The state court does not have sole jurisdiction of the lien claim. *See e.g., Consulting Engineers Group, Inc. v. Pace Construction,* 613 F.Supp. 1192 (N.D.Ga.1985) (district court had jurisdiction over plaintiff's original suit against defendant to enforce lien); *Anderson v. Golden,* 569 F.Supp. 122 (S.D.Ga.1982) (district court has jurisdiction to determine if filing of materialman's lien action amounted to slander); *Ben O'Callaghan Co. v. Schmincke,* 376 F.Supp. 1361 (N.D.Ga.1974) (district court has jurisdiction over lien enforcement action removed from state court). This court would have ancillary jurisdiction over Dun–Par's lien claim in the form of Dun–Par's compulsory counterclaim to Vantage's and Charter/PRG's third-party complaint. Fed.R. Civ.P. 13(a). Such a compulsory counterclaim would have been appropriate because the present action and Dun–Par's lien enforcement action arise out of the same operative facts. *See Plant v. Blazer Financial Services, Inc.,* 598 F.2d 1357 (5th Cir.1979). For Dun–Par to recover on its lien claim, it must first prove that it properly performed its subcontract with Charter/PRG, Inc. *See* O.C.G.A. § 44–14–361.1 (1981).

Dun–Par also argues that a stay of this action is appropriate because the state court was the forum first obtaining possession of the property at issue, which should proceed to final judgment, while a court of concurrent jurisdiction should stay its proceedings. *See, e.g. Princess Lida of Thurn and Taxis v. Thompson,* 305 U.S. 456, 466, 59 S.Ct. 275, 280, 83 L.Ed. 285 (1939). However, this action and Vantage and Charter/PRG's third-party complaint over Dun–Par were filed prior to Dun–Par's lien foreclosure action. Dun–Par's filing of its lien in the real estate records of Fulton County, Georgia, or the bond to

discharge prior to the above events is insufficient to vest the State Court of Fulton County with initial jurisdiction over the property at issue in this case. Both actions may be adjudicated simultaneously until final judgment. *See First Florida Building Corporation v. Smith*, 530 F.Supp. 496 (1982).

 Nor should this action be stayed based on the abstention doctrine. Abstention is an exceptional procedure and has no application in this case. Abstention can only be justified in exceptional circumstances. *Colorado River*, 424 U.S. at 814–15, 96 S.Ct. at 1244–45. In *Colorado River*, the court recognized only three circumstances in which abstention should be recognized: (1) in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by the state court determination; (2) in cases presenting difficult questions of state law bearing on policy problems of substantial public import; and (3) in cases which involve federal jurisdiction to restrain state criminal proceedings. *Id.* None of these factors is present in this case.

This court finds no basis which dictates that it should stay the present action as to Dun–Bar and Transamerica. Accordingly, the court exercises its discretion to DENY the motion to stay.

## V. CONCLUSION

In sum, the court DENIES AS MOOT defendants' motion to strike certain counts of plaintiff's amended complaint and alternative motion for a more definite statement [# 25]; DENIES AS MOOT defendant Vantage's motion to dismiss count six of plaintiff's amended complaint and for sanctions [# 26]; DENIES third-party defendants Dun–Par and Transamerica's motion to stay [# 31]; DENIES the plaintiff's motion for summary judgment [# 42]; and GRANTS the plaintiff's motion for a voluntary dismissal [# 50] of certain counts of plaintiff amended counterclaim and defendants' amended counterclaim in accordance with the proposed Stipulation of the parties as follows:

(1) Counts Five, Six, Seven, Eight, and Ten of plaintiff's amended complaint against Vantage Properties, Inc. (n/k/a OVPI, Inc.), PRG, Inc., Charter Builders, Inc., and John Does 1–10 without prejudice;

(2) Counts One, Two, Three, and Four of plaintiff's amended complaint against only John Does 1–10 without prejudice;

(3) Counts One, Two, Three, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, and Fourteen of defendants Vantage, PRG, and Charter's original counterclaim against plaintiff Lenox, and Counts Fifteen and Sixteen of these defendants' first amended counterclaim against plaintiffs Lenox and Robinson–Humphrey Properties without prejudice;

(4) Count IX of plaintiff's amended complaint against defendant Vantage, OVPI, PRG, Charter, and John Does 1–10 *with* prejudice.

SO ORDERED.