S92G0399. ALLSTATE INSURANCE COMPANY v. KLEIN.

(422 SE2d 863)

SEARS-COLLINS, Justice.

In this action based on a contract for insurance, the trial court granted the motion to dismiss for lack of personal jurisdiction filed by the appellee, Allstate Insurance Company (Allstate). The appellant, Michael Klein (Klein), sought review by the Court of Appeals, and that court reversed the trial court. *Klein v. Allstate Ins. Co.*, 202 Ga. App. 188 (413 SE2d 777) (1991). We granted certiorari to consider whether the trial court had personal jurisdiction over Allstate. We find that the trial court did have personal jurisdiction over Allstate, but for different reasons than those on which the Court of Appeals relied.

On August 22, 1986, Klein was a passenger in a car being driven by his father through Glynn County, Georgia, when the car collided with another vehicle and Klein was injured. Klein was then and is now a nonresident of Georgia. The car was insured by Allstate, under a policy issued in New Jersey.

On August 10, 1990, Klein sued Allstate in Glynn County, Geor-

gia, complaining that Allstate refused to pay insurance benefits due him under the Georgia Motor Vehicle Accident Reparations (No-Fault) Act (OCGA § 33-34-1 et seq.) for the injuries he sustained in the collision. Klein stated as his grounds for jurisdiction that Allstate is a corporation authorized to transact business in Georgia, and which has an office and a registered agent in Glynn County. Klein did not purport to use the Georgia Long Arm Statute (OCGA § 9-10-90 et seq.) (Long Arm Statute) as a basis for personal jurisdiction. Rather, Klein relied on the fact that Allstate is a corporation authorized to do business in this state, and, hence, not a "nonresident" for purposes of personal jurisdiction as that term is defined in the Long Arm Statute.

Allstate admits that it does business in Georgia, that it has a place of business and an agent in Glynn County, and Allstate is in fact authorized to do business in Georgia. Allstate does not dispute that Klein perfected service of process on Allstate's designated agent for receipt of service in Georgia. However, Allstate moved to dismiss Klein's complaint for lack of personal jurisdiction, claiming that any connection between the cause of action and Allstate's activities within the state were too tenuous to satisfy the requirements of § 9-10-91 (1). Allstate argued that the contract was not entered into in Georgia and that there were no contacts within Georgia between Klein and Allstate with respect to the contract. The trial court granted Allstate's motion to dismiss.

The Court of Appeals considered due process "minimum contacts" requirements as well as the applicable provisions of the Long Arm Statute. That court held that because "the claim in this case adequately *results from or is linked to* Allstate's broad-based *forum related* insurance activities," the exercise of personal jurisdiction by a Georgia court over Allstate is justified. *Klein*, 202 Ga. App. at 191 (emphasis in original).

Allstate now argues that the Court of Appeals incorrectly concluded that, under the facts of this case, the trial court had personal jurisdiction over Allstate under the "minimum contacts" test and the Long Arm Statute. We affirm the Court of Appeals' reversal of the trial court's grant of Allstate's motion to dismiss, but on different grounds.

The Long Arm Statute applies solely to persons who were *nonresidents* of Georgia at the time the act or omission complained of occurred. *Stewman v. Magley*, 138 Ga. App. 545, 548 (227 SE2d 277) (1976). Therefore, the requirement that a cause of action "arise out of" activities within the state (OCGA § 9-10-91), applies only to the exercise of personal jurisdiction over *nonresidents*.[1] "Nonresident" is

---

[1] "[T]he policy of our Long Arm Statute is to exercise jurisdiction over *nonresident* de-

defined for purposes of personal jurisdiction in the Long Arm Statute. That definition specifically addresses the status of foreign corporations.

> As used in [the Long Arm Statute], the term "nonresident" includes . . . a corporation which is not organized or existing under the laws of this state *and is not* authorized to do or transact business in this state at the time a claim or cause of action . . . arises. [Emphasis supplied.] [OCGA § 9-10-90.]

It is apparent from the language of this definition that a corporation which *is* "authorized to do or transact business in this state at the time a claim" arises is a "resident" for purposes of personal jurisdiction over that corporation in an action filed in the courts of this state. As a resident, such a foreign corporation may sue or be sued to the same extent as a domestic corporation.[2] Therefore, a plaintiff wishing to sue in Georgia a corporation authorized to do business in Georgia is not restricted by the personal jurisdiction parameters of § 9-10-91, including the requirement that a cause of action arise out of a defendant's activities within the state.[3]

For these reasons, the trial court properly had jurisdiction over Allstate in this case, and the Court of Appeals is affirmed.

*Judgment affirmed. All the Justices concur.*

---

fendants to the maximum extent permitted by procedural due process" (emphasis supplied) (*Bradlee Management Services v. Cassells*, 249 Ga. 614, 617 (292 SE2d 717) (1982)), by providing redress against those nonresidents in this state's own courts. *Coe & Payne Co. v. Wood Mosaic Corp.*, 230 Ga. 58, 61 (195 SE2d 399) (1973).

[2] This is consistent with the statutory effect of a certificate of authority, set forth in OCGA § 14-2-1505.

> A foreign corporation with a valid certificate of authority has the same but no greater rights under this chapter and has the same but no greater privileges under this chapter as, and except as otherwise provided by this chapter is subject to the same duties, restrictions, penalties, and liabilities now or later imposed on, a domestic corporation of like character. [§ 14-2-1505 (b).]

[3] The constitutionality of the definition of nonresident contained in the Long Arm Statute, as it pertains to foreign corporations, has not been challenged in this case, addressed by the parties, or ruled on by the lower courts. However, it appears that the definition does not run afoul of the "minimum contacts" requirement of procedural due process. The U. S. Supreme Court has addressed the issue of just what constitutes "fair play and substantial justice" when it comes to personal jurisdiction over foreign corporations. That Court held that

> if an authorized representative of a foreign corporation be physically present in the state of the forum and be there engaged in activities appropriate to accepting service or receiving notice on its behalf, we recognize that there is no unfairness in subjecting that corporation to the jurisdiction of the courts of that state through such service of process upon that representative. . . . [W]e find no requirement of federal due process that either *prohibits* [a state] from opening its courts to [a cause of action not arising out of the corporation's activities in the state] or *compels* [a state] to do so. This conforms to the realistic reasoning in *International Shoe v. Washington* [cits.]. [*Perkins v. Benguet Consolidated Mining Co.*, 342 U. S. 437, 444-446 (72 SC 413, 96 LE 485) (1952).]

DECIDED DECEMBER 3, 1992.

*Dickey, Whelchel, Brown & Readdick, Terry L. Readdick,* for appellant.

*W. Douglas Adams,* for appellee.