**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and REESE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).**

**June 1, 2020**

# In the Court of Appeals of Georgia

A20A0933. MCCALL v. COOPER TIRE & RUBBER COMPANY.   ME-031

MERCIER, Judge.

Tyrance McCall sued Cooper Tire & Rubber Company ("Cooper Tire") and two other defendants in the State Court of Gwinnett County for injuries he allegedly sustained in a motor vehicle collision. Cooper Tire moved to dismiss the claims against it on personal jurisdiction grounds. The trial court granted the motion to dismiss and denied McCall's motion for reconsideration, but issued a certificate of immediate review. We granted McCall's application for interlocutory appeal, and for reasons that follow, we reverse.

On appeal, we review a trial court's order dismissing a claim for lack of personal jurisdiction de novo, construing all facts "in favor of the party asserting personal jurisdiction." *Kolb v. Daruda*, 350 Ga. App. 642 (829 SE2d 881) (2019). So

viewed, McCall's complaint alleges that on April 24, 2016, he was a passenger in a vehicle that was equipped with a rear tire designed, manufactured, and sold by Cooper Tire. As the vehicle was traveling on a Florida roadway, the tire tread "suddenly failed and separated from the remainder of the tire." The driver lost control of the vehicle, which left the roadway and rolled over until it came to rest in a nearby wooded area. McCall sustained severe injuries in the crash.

Following the collision, McCall sued Cooper Tire for negligence, strict product liability, and punitive damages. He also asserted claims against the driver, a Georgia resident, and the Georgia car dealership that sold the vehicle to the driver. Cooper Tire answered the complaint, raising numerous defenses, including lack of personal jurisdiction. It also filed a motion to dismiss, arguing that as a nonesident corporate defendant with only minimal contacts in Georgia, it is not subject to personal jurisdiction in this state. An accompanying affidavit from Cooper Tire's corporate counsel established that Cooper Tire is incorporated in Delaware and maintains its principal place of business in Ohio.

McCall responded that Cooper Tire is a resident of Georgia – and thus subject to personal jurisdiction here – because it is authorized to transact business in the state. In its reply, Cooper Tire did not dispute that it has been authorized to transact

business in Georgia at all times relevant to this suit. It argued, however, that such circumstances do not make it a Georgia resident for jurisdictional purposes. The trial court agreed and granted Cooper Tire's motion to dismiss. This appeal followed.

Personal jurisdiction "is the power of a court to render a personal judgment, or to subject the parties in a particular case to the decisions and rulings made by it in such a case." *YP, LLC v. Ristich*, 341 Ga. App. 381 (1) (801 SE2d 80) (2017) (citation and punctuation omitted). Georgia residents are, without question, subject to personal jurisdiction in this state. See *Watts v. Allstate Ins. Co.*, 214 Ga. App. 462, 463 (448 SE2d 55) (1994). In certain circumstances, our courts may also exercise personal jurisdiction over nonresidents pursuant to Georgia's long arm statute. See OCGA § 9-10-91 (defining "[g]rounds for exercise of personal jurisdiction over nonresident"). We need not consider long arm jurisdiction in this case, however, because binding precedent establishes that Cooper Tire is a resident corporation subject to suit in Georgia.

The long arm statute defines a "nonresident" as, inter alia, "a corporation which is not organized or existing under the laws of this state and is not authorized to do or transact business in this state at the time a claim or cause of action . . . arises." OCGA § 9-10-90. Construing this definition, our Supreme Court determined in *Allstate Ins.*

3

*Co. v. Klein*, 262 Ga. 599, 601 (422 SE2d 863) (1992), that a foreign corporation "authorized to do or transact business in this state at the time a claim arises is a 'resident' for purposes of personal jurisdiction over that corporation in an action filed in the courts of this state." (citations and punctuation omitted). In other words, a foreign corporation that is authorized to transact business in Georgia "may sue or be sued to the same extent as a domestic corporation." Id.

Seeking to avoid *Klein*, Cooper Tire argues that our Supreme Court's jurisdictional analysis conflicts with and has been implicitly overruled by several decisions from the United States Supreme Court. It further claims that *Klein* misinterpreted the long arm statute and Georgia's corporate registration requirements. As we recently noted, however, "[w]hen the Supreme Court [of Georgia] has addressed an issue in clear terms, this court is not at liberty to decline to follow the established rule of law." *Ward v. Marriott Intl.*, 352 Ga. App. 488, 493 (2) (a) (835 SE2d 322) (2019) (citations and punctuation omitted).

We cannot ignore or alter *Klein*, which explicitly holds that a foreign corporation authorized to do business in this state is a Georgia resident for

4

jurisdictional purposes.[1] See *Klein*, supra; see also *Ward*, supra at 494 (2) (a) ("[E]xisting Georgia law leads us to conclude that Marriott[,] [a foreign corporation registered and authorized to do business in Georgia,] is a resident defendant corporation for . . . personal jurisdiction purposes."). Accordingly, because Cooper Tire is a resident corporation subject to personal jurisdiction in this state, the trial court erred in granting the motion to dismiss. See *Klein*, supra; *Ward*, supra.

*Judgment reversed. Miller, P. J., and Reese, J., concur.*

---

[1] On appeal, Cooper Tire urges us to find that *Klein*'s analysis violates the Due Process Clause and the Commerce Clause of the United States Constitution. When we originally reviewed this case at the interlocutory application stage, we transferred the matter to the Georgia Supreme Court because it appeared to fall within that Court's exclusive appellate jurisdiction "over all cases involving construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question." *Atlanta Independent School System v. Lane*, 266 Ga. 657 (1) (469 SE2d 22) (1996). The Supreme Court rejected the transfer, returning the case to this Court after concluding that Cooper Tire had not raised a distinct constitutional challenge in the trial court. It further stated: "[W]here [the Supreme Court of Georgia's] prior precedents answer the substantive constitutional question presented by an appeal, jurisdiction is in the Court of Appeals." We take this admonition to mean that, in the Supreme Court's view, *Klein* addressed and resolved the issues raised by Cooper Tire in this appeal. To the extent Cooper Tire challenges that view, it presents a question for the Supreme Court. See *Ward*, supra at 493 (2) (a) ("[A]s an intermediate appellate court, we are bound by Georgia statutes and Supreme Court of Georgia decisions.").

5